## JOYCE vs. MOORE.

Where the damages claimed upon a covenant do not exceed ninety dollars, a Justice of the Peace has jurisdiction, although from the covenant itself it may not appear but that the damages would greatly exceed that amount.

### ERROR to the Chariton Circuit Court.

DAVIS & CLARK, *for Plaintiff in Error, insist:*

1st. That *prima facie* there is nothing due him in the face of said covenant or lease from defendant, but the $30, for rent agreed to be paid.

2nd. The Court assumed, without proof, that the plaintiff sues for a breach of each and every covenant in the article sued on, and that the amount of damages claimed by him exceeds $90.

3rd. The record shows no other amount claimed than the $30 mentioned in the lease, and that determines the jurisdiction of the Justice of the Peace. See Rev. Stat. page —.

4th. No other Court has either original or concurrent jurisdiction of the subject matter of this suit, it being confided exclusively to a Justice of the Peace by the Statutes of this State.

SHACKELFORD, *for Defendant in Error, insists:*

1st. That in an action of covenant before a Justice of the Peace, the plaintiff must show that the damages claimed are within the jurisdiction of the Justice.

2nd. The filing a lease with several distinct covenants,—one to restore land, as the foundation of an action, does not give the defendant any notice what amount of damages are claimed. There must be a certain amount of damages claimed, that the Court may see that the amount claimed is within the jurisdiction. Rev. Stat. Justice's Courts, page 635, sec. 3. The plaintiff cannot after suit brought, waive or release any part of his demand in order to give jurisdiction. See Robinet vs. Nunn, 9 Mo. Rep. 246. A party cannot by parol, waive or release a covenant under seal. Nothing will discharge a covenant but performance, or a release under seal. Thomas vs. Cox, 6 Mo. Rep. 105.

3rd. The proper form of action in this case is an action of debt for rent in arrear, if the plaintiff claims only the rent in arrear, which forms an exception to the general rule, that whenever the action is founded on a deed, the deed must be declared on. See Garvey vs. Dobyns, 8 Mo. Rep. 213.

SCOTT, J., *delivered the opinion of the Court.*

Joyce sued Moore in a Justices' Court on a covenant for the payment of $30 rent for the premises specified in the instrument, which also contained stipulations against the commission of waste, and for the restoration of the premises in good repair at the expiration of the lease. An account was filed with the Justice showing that the only damages claimed were those arising from the non-payment of the rent. From an informal statement of the Justice on his docket, it appears that there was a former trial between the parties in relation to the subject of the controversy, and that there was a verdict for the defendant, the action having been brought on an account and not on the covenant. Upon another trial in a subsequent suit, in which the covenant was the foundation of the suit, there was a judgment for the plaintiff, and the cause was afterwards taken by appeal to the Circuit Court, whence on motion, it was dismissed, because it did not appear but that the damages claimed exceeded ninety dollars.

Our statute gives Justices jurisdiction in actions of covenant, where the damages claimed, exclusive of interest, do not exceed ninety dollars.

Whatever amount of damages could have been recovered, on this account, it is plain the account filed with the Justice, and copied into his docket, showed the breach for which the action was brought, which was the non-payment of the rent, a sum under ninety dollars. The law required the covenant to be filed with the Justice, it being the foundation of the action, and the account merely showed the amount of damages claimed, which was clearly within his jurisdiction. If there had been other breaches of the covenant at the time of the bringing of the suit, and the plaintiff failed to claim damages for them, he would be precluded from bringing another action for those damages. The rule being that where a party has several causes of action growing out of the same contract, or resting in matter of account which may be joined in the same action, they shall be joined; and if the cause of action be split up, and a suit brought for part only, and subsequently a second suit for the residue, the first action may be pleaded as a defence to the second. So where there are breaches of several covenants contained in one instrument, and a suit is brought for damages for some of the breaches, and subsequently a second suit is brought for damages claimed under other breaches, all of the causes of action being in existence at the beginning of the first suit, the first action may be used as a defence against the second. Bendernagle vs. Cox, 19 Wen. 207.

Without undertaking to determine (for the facts are not before us,) whether the former judgment for the defendant was a bar to the subsequent suit, it may be observed that such a question could not properly arise on a motion to dismiss. It was a defence to the merits to be established by the production of the Justices' docket on the trial. There was no legal evidence before the Court of such judgment, and if the facts stated informally in the Justices' docket should turn out to be true, it may well be questioned whether it would be a bar.

The other Judges concurring, the judgment will be reversed, and the cause remanded.