WM. C. GILLIHAN, PUBLIC ADM'R, Plaintiff in Error, *v.* ISAAC N. WREN *et al.*, Defendants in Error.

1. *Justices' courts — Exhibits filed — Lease — Instrument of writing.*—A lease in writing, duly signed, sealed, and delivered, is an instrument of writing within the meaning of the statute concerning the filing of such instruments, in actions founded thereon, in justices' courts (Gen. Stat. 1865, p. 201, § 13); and the circumstance that it provides for other things than the direct payment of money or property in no way affects its character as a written instrument within the meaning of said statute.

2. *Justices' courts—Jurisdiction not lost by reason of failure of the instrument filed to show the amount demanded — Verbal statement.*— Although a lease filed as an instrument of writing, as the foundation of an action, before a justice of the peace, does not on its face show the amount demanded, that fact is not sufficient to deprive the justice's court of jurisdiction. In such case the defendant is entitled to the verbal statement provided for by section 12, p. 706, Gen. Stat. 1865.

*Error to Fifth District Court.*

*Jas. McFerran*, for plaintiff in error.

*S. A. Richardson*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues on a lease executed by the defendants, containing stipulations for the payment of rent and for the performance of certain services on their part. The suit was originally commenced before a justice of the peace, the lease being filed as the foundation of the action. Judgment was rendered for the plaintiff for eighty dollars, and the defendants appealed to the Circuit Court. The Circuit Court dismissed the cause, the District Court affirmed the dismissal, and the plaintiff brings the case here by writ of error.

The dismissal of the suit is sought to be justified upon the assumed ground that the lease in suit is not an instrument of writing within the meaning of the statute, which requires the plaintiff, in suits before a justice of the peace, to file a written "statement of the facts constituting the cause of action," where the suit is "not founded on an account or instrument of writing" (Gen. Stat. 1865, p. 701, § 13), and also upon the assumption that the demand exceeded the justice's jurisdiction. The lease itself refutes the first position. It is in writing, and duly signed, sealed, and delivered. The circumstance that it provides for other things than the direct payment of money or property in no way affects its character as a written instrument within the meaning of the statute.

As to the second point, it is true that the lease contains nothing showing the precise amount sought to be recovered upon it, whether above or below the jurisdiction of a justice of the peace. It shows no claim in excess of that jurisdiction, and no reason is suggested for presuming that excess in the absence of evidence It was the right of the defendants to demand of the plaintiff a verbal statement exhibiting to them the grounds or nature of the claim, from which the amount might have been seen or inferred,

before going into the trial. (Gen. Stat. 1865, p. 706, § 12.) Such verbal statement would have been appropriate to the case, but it was waived by not being insisted upon. It appears, however, by the records, that the plaintiff originally filed his claim in the form of an account for $87.29, thus apprising the defendants of the amount of the demand. Subsequently the lease was substituted in the place of the account, as furnishing the real foundation of the suit.

In Joyce v. Moore, 10 Mo. 271, the action was upon a lease, as in the present suit. The lease was filed with the justice of the peace as the foundation of the suit. The plaintiff obtained judgment, and the defendant appealed the cause to the Circuit Court, whence it was dismissed on the ground that it "did not appear but the damages claimed exceeded" the jurisdiction of the justice. But the Supreme Court reversed the judgment and remanded the cause for trial on its merits. In that case it would seem, from the report of it, that the plaintiff originally sued on an account for rent, and was defeated; and that, thereupon, he brought a fresh suit upon the lease itself, simply filing that instrument as the foundation of the action.

There is no force in the objection taken to the substitution by the plaintiff of the lease in place of the account originally filed in the cause. (Sublett v. Noland, 5 Mo. 516; Boatman v. Curry, 25 Mo. 433.)

The other judges concurring, the judgment is reversed and the cause remanded.