Lane, C. J.
We have been furnished with no argument by the defendant; but the plaintiff’s right to recover seems plain. For the interest of the husband is a legal estate : it is a freehold during the joint lives of himself and wife, with a freehold in remainder to himself for life, as tenant by the curtesy, and a remainder to the wife and her heirs, in fee. It is a certain and determinate interest, whose value may be easily ascertained by reference to well known rules. It is, in every sense, his “ land,” within the meaning of the statute, and liable to respond for his debts.
The doctrines applicable to sales, by execution, of lands in the possession of the mortgagor, have little bearing on the present case. 81] Those depend on the ambiguous relation of the ^mortgagor. To his mortgagee, he is a tenant at will only ; to others, he is the owner of the land, liable to the contingent burden of the mortgage. As no true, perfect, authoritative, binding estimate of the value of the incumbrance can be taken by the appraisers, the law forbids the inquiry, and admits of no sale except as of unincumbered property; Ely v. McGuire, 2 Ohio, 223, 224; Baird v. Kirtland and others, 8 Ohio, 21 ; Bank of Canton v. Commercial Bank, 10 Ohio, 72.
The effect of this rule is, to throw into chancery sales of mortgaged land, except where the purchaser is willing to encounter the risk of -the burden ; and, in such cases, the possession is at least a legal estate, which passes ; 18 John, 94 ; Gray v. Tappan and Wells, Wright 117.
But the sale of a freehold is incumbered with none of these difficulties. Its value is the complement of the value of the fee, after deduct *82 ing the value of the remainder, the elements of computing which, as in ease of insolvent estates, incumbered by dower, are entirely within reach of the appraisers.
Judgment for plaintiff.