Casey *v.* Clark.

## CASEY *v.* CLARK.

1. In proceedings before a Justice of the Peace, the statute has dispensed with all matters of mere form.

2. A substantial statement or declaration of the cause of action must be filed with the Justice.

ON WRIT OF ERROR from the Cole Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an action commenced before a Justice of the Peace, by Clark against Casey.

The statement of the cause of action is in these words : " John J. Clark *v.* Hardin Casey. In an action of trespass by the illegal use of one or more of his horses, in the summer of 1826, and the consequent loss of one of his horses, at the horse mill, in the town of Jefferson, or by imprudent and unauthorized usage there, to one of his beasts : say a black mare, and he claims in damages for the same to the amount of forty-eight dollars," &c. The summons of the Justice called upon Casey to ap-(12) pear and answer Clark " in an action of trespass on the case." Casey appeared by his counsel, and objected to the sufficiency of the statement or declaration ; his objections were overruled, and upon trial the plaintiff had judgment, from which the defendant, Casey, appealed to the Circuit Court, and there moved to have the judgment of the Justice reversed for the same reasons ; which motion was overruled, and upon trial *de novo*, the plaintiff again had judgment ; to reverse which Casey had brought his writ of error to this Court. It was doubtless a great object with the Legislature to simplify proceedings before Justices of the Peace, so that every man might be his own lawyer ; to that end they have dispensed with all matters of mere form ; but still a substantial statement or declaration of the cause of action, in cases like the present, are required. The one on which this action was founded, is so obviously and so variously defective in substance, that we feel no hesitation in saying the Circuit Court erred in refusing to reverse the judgment of the Justice ; and that its judgment must be reversed with costs.