# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS,

## MARCH TERM, 1883.

HENRY STRATHMANN, Respondent, v. AUGUST GORLA, Appellant.

### May 1, 1883.

1. JUSTICES OF THE PEACE — STATEMENT. — The statement, "Augustus Gorla to Henry Strathmann, Dr., to one-half amount of judgment for debt and costs in favor of G. E. Smith and against said Strathmann, in case No 34, August, 1880, before Von Gerichten, J. P., instituted by Smith against Strathmann & Gorla on their joint contract. Total amount, $44.30 — $22.15," is a sufficient statement of a cause of action before a justice of the peace. *Lewis, P. J.*, dissenting.

2. CONTRACTS — PUBLIC POLICY. — A contract to employ counsel to appear before a committee of the municipal assembly to advocate a measure in which the person employing counsel has an interest is not necessarily void as against public policy.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

H. B. O'REILLY, for the appellant.

T. J. CORNELIUS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice of the peace. The statement of the cause of action filed before the justice was as follows : —

"Augustus Gorla to Henry Strathmann, Dr., to one-half

amount of judgment for debt and costs in favor of C. E. Smith and against said Strathmann, in case No. 34, August 1880, before Von Gerichten, J. P., instituted by Smith against Strathmann & Gorla on their joint contract. Total amount, $44.30 — $22.15.''

On trial anew in the circuit court, defendant moved to dismiss on the ground that there was no statement of the facts constituting the cause of action. This was overruled.

It appears from the testimony introduced on the trial that Strathmann & Gorla, having places of business near Twelfth and Olive Streets, in St. Louis, at a time when a city ordinance for restoring the hay market to the place on Twelfth Street, near Olive, where it had formerly been, was pending before a committee of the municipal assembly, employed one Smith, an attorney, to advocate the passage of this ordinance before this committee. The ordinance was defeated; and Smith sued Gorla & Strathmann for the fee agreed upon. After service of summons, Gorla paid Smith $15, and the suit was dismissed as to him; and Smith got judgment against Strathmann for $35 and costs, which Strathmann paid on execution. This action was for the recovery of one-half of the amount thus paid by Strathmann. There was judgment in favor of plaintiff for $10 and costs.

We think that the motion to dismiss was properly overruled. The statute provides (Rev. Stats. sect. 2851) that " no formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court; but, before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, as a statement of the account, or of the facts constituting the cause of action upon which the suit is founded.''

The revision of 1855 contained the provision (Rev. Stats. 1855, p. 931, sect. 13) that " in every suit not founded on an account, or on an instrument of writing, a statement

of facts constituting the cause of action shall be filed with the justice before any process shall be issued in the suit." The former revisions provided that, in all suits founded on instruments of writing, or on accounts, the instrument of writing, or bill of items, should be filed before issuing process (Rev. Stats. 1845, p. 810), and that, when the parties appear, the justice shall require a brief verbal statement of the nature of the demand. Rev. Stats. 1835, p. 354, sect. 8; Rev. Stats. 1845, p. 643, sect. 8. This last provision has been retained unchanged. In the revision of 1879, the statute was amended as to the written statement by consolidating the provisions of sections 9, 12 and 13, pages 700-1, of the revision of 1865, the law remaining substantially the same as it was in 1855, and as it has been ever since that time.

The act of 1825, establishing justice's courts, provided that " in all suits, a brief statement of the cause of action and the amount claimed, shall be made in writing and filed with the justice, and the same, or a copy annexed to the summons; but form, in such statement, shall not be regarded, so as the same be sufficient to apprise the defendant of the nature of the charge against him."

This provision seems to have been omitted from the revisions of 1825 and 1835, and is, as we have seen, substantially re-enacted in the revision of 1855. But the decisions as to the character of the statements required have been uniform; and it is not perceived that the supreme court has been more strict in its rulings when the law required a written statement in all cases — as it did before 1835 and since 1855 — than it was when there was no provision for any statement when the action was not upon a written instrument, other than the statement upon the docket of the justice, the bill of items, and the oral statement which the justice might require when the parties appeared for trial, and which he was directed to require if so requested by defendant.

It has been the uniform ruling in Missouri that matters of mere form might safely be disregarded in proceedings before a justice, and that for the reasons stated in *Casey* v. *Clark* (2 Mo. 12), that the object of the legislature was to simplify these proceedings, so that every man could be his own lawyer.

Where a written statement was required, it was held that it must be substantially such as would protect the plaintiff, by being a bar to another action for the same transaction, and, of course, that it should be of such a nature as would inform the defendant what he was sued about. Much might be left to implication; but there must be no such uncertainty as to leave a reasonable doubt as to what defendant was sued for. This is well illustrated by the case just cited, decided under the revision of 1825.

The statement of the cause of action is in these words "*John J. Clark* v. *Hardin Casey*: In an action of trespass, by the illegal use of one or more of his horses, in the summer of 1826, and the consequent loss of one of his horses at the bone mill in the town of Jefferson, or by imprudent and unauthorized usage thereof to one of his beasts, say a black mare, and he claims in damages for the same to the amount of $28." Was this action for the use of several horses? or for injury to several of them? or for the loss of one of them and, if so, which one? It does not appear that defendant could at all know from this statement what he was sued for, nor is there anything in the opinion from which it can be inferred that anything occurred upon the trial that would sufficiently inform the defendant what the suit was meant to be about. The statement remains obviously and variously defective in substance, after every implication has been unfolded to the utmost.

*Early* v. *Fleming* was a case in which plaintiff simply filed a bill of items for three hogs, whether purchased, killed, or stolen by defendant, the statement did not say.

The justice's docket showed the nature of the demand to be for stock of plaintiff shot by defendant. It was held that, as the parties manifestly understood the nature of plaintiff's demands, this was enough. 16 Mo. 154.

*Inlow* v. *Pearson* (20 Mo. 322) was an action of trespass for cutting and carrying away timber from plaintiff's land. The complaint was in the form of an account; but it was held sufficient, as the recovery was limited to the damages for the mere taking of the timber.

*Burt* v. *Warne* (31 Mo. 296) was an action for trespass. The statement was: " E. W. Warne in acc't Calvin C. Burt, Dr. To damage done to building and premises in block 84 of the city of St. Louis, $50." This was held to be sufficient.

In these cases, and many others that might be cited from our reports, from the earliest day up to this time, it is necessary to resort to implication to support the statement. The only inquiry has been whether the facts are sufficiently set forth to enable the plaintiff to know for what he is sued and to bar another suit for the same cause of action.

*Coughlin* v. *Lyons & Sullivan* (24 Mo. 533) was a case in which the evidence showed that defendant caused a constable to take the property in question from plaintiff's possession at the suit of defendant against another person, and that the constable still had possession of the property of which plaintiff was shown to be the owner. The statement was this: " James Lyon and Edward Sullivan, partners as Lyon & Sullivan, to Peter J. Coughlin, Dr., 1855, February 20th. To 41 hams, 464½ pounds at 10 cents, $46.45 ; 2 bbls. whisky, 77½ gals., at 28 cents, $21.70 ; total, $68.15." This statement, which seems to be for goods sold and delivered, was held to be good, though the action was for money had and received, the plaintiff waiving the tort. This case is cited and followed in *Hale* v. *Van Dever* (67 Mo. 732).

The following statement before a justice was held good in this court in *Fitzgerald* v. *Murphy* (9 Mo. App. 572): "Plaintiff states that heretofore, to wit, on the 20th of January, 1875, defendant made, executed, and delivered to plaintiff, for value received, his certain instrument of writing, hereto attached, in words and figures as follows, to wit: ' St. Louis, January 20th, 1875. Mr. James Coff: Please pay John Fitzgerald $57.00 for plastering done on your house on Compton Ave. C. C. Murphy.' That the said James Coff failed to accept or pay the said sum named in said instrument of writing, and has ever since failed and refused to do so; of all of which defendant was duly notified; that said sum of $57.00 remains due from defendant to plaintiff, and wholly unpaid, wherefore plaintiff prays judgment," etc. As the evidence showed that plaintiff, at defendant's request, and for him, had done plastering on Coff's house, and that upon plaintiff's applying to defendant for payment, defendant gave this order, which Coff refused to pay, and which represented the amount which defendant owed plaintiff, and that defendant afterwards promised to pay plaintiff the order, it was held that the defendant must have known from this statement what he was sued for, and that there was enough to bar another action, and that the statement was therefore sufficient.

The statement in the present case implies, though it does not say, that plaintiff had paid the judgment in question. It is impossible that defendant could misunderstand, and it is clear from the record that he perfectly well understood, what the action was about. The statement was sufficient, we think, to bar another action for the same matter, and we consider that we should be departing from a wholesome and well-established rule, were we to reverse this case, on the ground that a cause for action is not explicitly set out in the statement. " John Brown v. John

Smith, Dr., To one pair of shoes, January 1st, 1882, $3.50," sets out no cause of action whatever.. Almost everything is left to implication. Yet such a statement is sufficient before a justice. *Quinn* v. *Stout*, 31 Mo. 160; *Philip* v. *Fitzpatrick*, 34 Mo. 276.

There are cases before a justice, to which the general rule above laid down will not apply: as, for instance, replevin suits, where the law requires certain statements to be made and sworn to before process shall issue. The rulings in such cases have manifestly no application to ordinary actions. *Gist* v. *Loring*, 60 Mo. 487; *Crawshaw* v. *Wright*, 5 Mo. App. 577; *Reigert* v. *Woelker*, 6 Mo. App. 53.

In the present case it sufficiently appears that the suit was predicated upon the implied contract for contribution, though this is not expressly stated. Just as in an action before a justice for goods sold and delivered, it sufficiently appears that the plaintiff claims that he sold and delivered to defendant the goods mentioned in the bill of items, and that the prices are reasonable, though nothing of the kind is said.

We see nothing in the objection that the contract of Smith with Gorla & Strathmann was void or against public policy. It is allowable to employ counsel to appear before a legislative body or before one of its committees, to advocate or oppose a measure in which the person so employing counsel is interested. *Fuller* v. *Dane*, 18 Pick. 480; *Wood* v. *McCann*, 6 Dana, 367; *Koehler* v. *Feuerbacher*, 2 Mo. App. 11. It does not appear that the counsel was himself interested in the matter or that any sinister means were used. That other citizens might also have been interested in removing the market, and that Smith might also represent them, is no objection to his being specially retained and paid by Gorla & Strathmann.

We see no ground whatever for reversing the judgment.
Judge THOMPSON concurs.    Judge LEWIS thinks the state-
ment insufficient and for that reason dissents.

Dissenting opinion by LEWIS, P.

In the paper filed with the justice in this case, I cannot
find any compliance with the statute which requires "a
statement of the facts constituting the cause of action."
Rev. Stats., sect. 2851.    The most liberal construction
given to this statute by the supreme court or by this court,
has sustained statements filed before justices of the peace,
which would be fatally insufficient in a court of record, in
the following classes of cases : — 1. Where the statement
filed shows a cause of action, but cumbers it with other
causes and matters of complaint in the alternative, thus creat-
ing an uncertainty which would not be tolerated in a formal
pleading.    This is exemplified in *Casey* v. *Clark* (2 Mo.
12), referred to in the majority opinion in the present case.
The loss of the plaintiff's horse by improper usage of the
defendant is a sufficient cause of action, and is distinctly
stated.    The confused allegations about other horses and
about "imprudent and unauthorized usage," etc., may
cast a shade of uncertainty over the statement, but they do
not eliminate the cause of action, which is still there notwith-
standing.  2. Where the statement does not fully set out the
cause of action, with technical particularity, or where it fails
to show the manner of its consummation, yet does contain
words so referring to the subject-matter of complaint as to
convey by implication for what the plaintiff sues. This
will occur when the plaintiff, in the form of an account ex-
pressing that the defendant is debtor to him, charges the
defendant with specified articles of property.    The property
is the subject-matter of the complaint.    The account may
not always show in what manner a cause of action has

arisen about it, whether by a sale, or by destruction, etc.; but, by a conventional and universal understanding of its terms, it does convey, by implication, to every reader, that the plaintiff has, in some way, been deprived of the property described, and that the defendant has caused the deprivation. Thus the words used *imply* the cause of action. This, again, is exemplified in the cases of *Early* v. *Fleming*, *Pearson* v. *Inlow*, and *Coughlin* v. *Lyons*, commented on in the majority opinion. It thus appears that, in these cases, relied on as sustaining the views of my learned associates, the supreme court had no occasion to find, what I claim to be the fact in the present case, that the cause of action was neither directly stated nor yet implied in the words of the statement. What they excused in the several statements was, that they failed to show some incidental particulars, or the manner in which the injury done to the plaintiff — in other words, the cause of action — took effect. The case of *Burt* v. *Warne*, also relied on, furnishes a still stronger illustration of the same principles. The "damage done to building and premises," etc., was the cause of action, explicitly stated. The technical defect was the omission to state *how* the damage was done. This was excused by the supreme court, as was done in the other cases. The same principles are easy of application to a claim or account for work and labor done; and I am at a loss to understand how the case of *Fitzgerald* v. *Murphy* (9 Mo. App. 572), also remarked on in the majority opinion, contains anything adverse to what is here maintained.

It is thus seen, that in every one of the cases cited — which are presumably the strongest that can be found in aid of the statement here in question — there was wanting only some incident, inducement, or accessory of the cause of action, which technical precision would demand in a formal pleading. But the cause of action itself was there, either by direct statement or by the use of words which, in

universal acceptation, *contained* or implied it. In the latter alternative the lack of directness in allegation, being merely a detriment to form, but not to substance, was held not to make the writing any the less a " statement of the facts constituting the cause of action."

In the case before us, the supposed cause of action, if any there be, lies in the fact that the plaintiff has sustained a loss in the compelled payment of money, part of which the defendant ought to have paid, but did not, and which part, therefore, the defendant ought to repay. The facts announced in the statement filed are these : — 1. That a judgment was rendered. 2. Its date, the names of the parties, and the name of the justice. 3. Its amount, and the half of its amount, and that it was upon a joint contract. The sum total of all of which is the existence of a certain judgment, as described. Not a word is said about the payment of any money by the plaintiff or by anybody else. In what sentence, word, or letter of the statement is any payment of money implied, or *infolded*, according to the definition? Not one. How can the defendant possibly know or infer from this elaborate history of the judgment that the plaintiff has ever paid a cent upon it? The compelled payment is the cause of action. The judgment is the mere incident or inducement. To say that it is sufficient to state the inducement, without the cause of action, is to reverse the rule of the supreme court, which has always demanded that the cause of action shall somehow appear in the words employed, while the non-appearance of the inducement or other incidents might be excused. In the cases cited, the statements under consideration are sustained expressly on the ground that the *cause of action is implied*. There is no difference of opinion between my learned associates and me as to the sufficiency of implication, when it really appears ; but I insist, as the supreme court has practically done, that there can be no implication without words which imply.

With all deference, it seems to me that a fundamental error appears in the majority opinion, in the confounding of *implication* with *inference*. A. says: "I never use intoxicating liquors." These words *imply* that he is of abstemious habits. B. says: "I have no appetite." It may be *inferred* from this either that he has eaten sufficiently, or that he is unwell. But neither proposition is *implied* in the words used. If it were, there could be no uncertainty as to which one was true. Inference is deduction; implication is direct expression. The inference comes from our experience and observation of causes and effects, and is not at all *contained* in the words of the speaker. When my learned associates say that the payment of the judgment is implied in the statement before us, I think they mean, that that fact may be *inferred* from the other facts set forth, and from the plaintiff's demand. But, does inference suffice for the statute? Demonstrably, no. When a fact is implied in the statement, it may be said to be contained, or, "infolded" therein, so that the statement is in reality, though it may be obscurely, a statement of that fact. Thus, a statement, *by implication*, of a cause of action, is none the less a statement of the cause of action, and so satisfies the statute. But, if the cause of action must be reached by an inference, that is not a statement of a cause of action, but a statement of something else which leaves the cause of action to be guessed at. This is a thing which neither the supreme court, nor this court, has ever heretofore tolerated, and, which is wholly inconsistent with a law requiring a *statement* of the facts constituting the cause of action. If inferences will suffice, the plaintiff, in a case of assault and battery, need only state that the defendant approached him with a stout stick and a hostile aspect. All the rest may be inferred.

It may be true that the present statement sufficiently implies the presumptive contract for contribution; but it certainly does not imply the breach thereof. The cause of

action, if any, is not the contract, but its violation. Of such violation, the statement gives no hint, by implication or otherwise.

The argument drawn from the sufficiency of an ordinary account for a pair of shoes proves nothing. The statute expressly authorizes the filing of an account as the foundation of an action before a justice and thus declares its sufficiency. But, if there were no such statutory authority, it would still be sufficient for manifest reasons. The formula, "John Brown to John Smith, Dr.," has a conventional signification which is familiar to everyone and has been so for centuries. It, of course, *implies* just what it signifies. But no philology can make a mere history of the details of a judgment rendered either signify or imply that any one has paid it.

It is said to be a test of sufficiency in a statement that it will bar another action for the same cause. But surely such a test can be of no benefit to a statement that contains no cause of action at all.

As to the supposed distinction between statutory and common-law causes of action, I do not think that any exists in this connection. The statute which requires a statement of the facts constituting the cause of action applies equally to both. The supreme court has, in numerous instances, where the matter of controversy was even more fully described than it is in the present case, held the statement to be insufficient because, amid all the details of inducement and surroundings, from which much more might be *inferred*, it did not state "the facts constituting the cause of action." *Wathen* v. *Farr*, 8 Mo. 324; *Razor* v. *Railroad Co.*, 73 Mo. 471; *Cunningham* v. *Railroad Co.*, 70 Mo. 202; *Brashears* v. *Strock*, 46 Mo. 221; *Swartz* v. *Nicholson*, 65 Mo. 508; *Gist* v. *Loring*, 60 Mo. 487.

I am of opinion that the statement filed in this case, in its omission to make any reference whatever to the necessary and independent fact of payment of the judgment

and in containing no allegation in which such payment would be implied, wholly fails to be what the statute requires. I think it would be difficult to estimate the looseness that may seem to be sanctioned by the present precedent. Surely the line ought to be drawn somewhere, and I can imagine nothing better than to keep it where the statute itself has placed it; so that every statement filed for a suit before a justice of the peace shall be, either by direct expression, or by implication in what is expressed, a " statement of the facts constituting the cause of action." I think that the judgment of the circuit court ought to be reversed, and the cause dismissed.