## RECOVERY FOR SERVICES IN PROCURING A FRANCHISE.

[Superior Court of Cincinnati, sitting in General Term.]

WILLIAM L. DICKSON V. CHARLES H. KILGOUR AND THE CINCIN-
NATI STREET RAILWAY COMPANY.

Decided, March, 1903.

*Street Railway Franchise—Influencing Council to Grant—Comment by
the Court on Weight of the Testimony.*

1. In a suit for recovery for services in procuring a street railway
   franchise, it is error to charge the jury that if the service, or any
   part thereof, consisted in personally persuading and influencing
   council to grant the franchise, there can be no recovery by the
   plaintiff.
2. The remark in the charge to the jury that the testimony of the
   plaintiff "is not very clear and specific," is erroneous for the double
   reason that it is a comment upon the weight of the testimony, and
   also an intimation of opinion on the part of the court that there
   may have been some concealment by the plaintiff.

Contracts which are valid and those which are void were classi-
fied by Mr. W. L. Dickson in his brief in this case as follows:

A contract is not void as against public policy unless a court can
see that its necessary result is to undermine public morals, or to
improperly influence legislation: Maloney v. Nelson, 12 App. Div.,
545; 42 N. Y. Supp., 418.

A contract is not necessarily illegal because carried out in an
illegal way: Fox v. Rogers, 171 Mass., 546.

A contract to secure a reduction of taxation is not void in the
absence of a showing that the use of plaintiff's personal influence,
or other improper means is not contemplated: Dunlap v. Lebus,
65 S. W., 441.

The mere performance of an illegal act in the execution of a con-
tract valid on its face does not vitiate it, and the question whether
the parties contemplated an illegal act is for the jury: Dunham
v. Hastings Pavement Co., 68 N. Y. S., 221 (57 App. Div., 426);
denied rehearing, 67 N. Y. S. 632.

The preparation and argument of a case before a legislative com-
mittee is a legitimate service: Stratham v. Gorla, 14 Mo. App., 1;
Sedgwick v. Stanton, 14 N. Y., 289; Trist v. Child, 88 U. S.

533; Bryan v. Reynolds, 5 Wis., 200; Trist v. Child, 88 U. S., 441; Weed v. Black, 2 MacArthur, 268; Yates v. Robertson, 80 Va., 475, and also, 21 Ind., 479; 48 Iowa, 211; 7 Md., 273, and 67 Mich., 532.

On the other hand a lobbying contract is void: Colusa Co. v. Welch, 122 Cal., 428. And so also is a contract to secure the passage of an ordinance, where the work is to be done without pay in case of failure: Crichfield v. Bermadez Asphalt Paving Co., 174 Ill., 466. Or a contract to solicit members of council for the purchase of certain goods by one who does not divulge his interest, but appears to be acting for the public good: 85 Fed., 4. Or where the contract is against public policy: Baird v. Sheehan, 166 N. Y., 631; Causler v. Penland, 125 N. C., 578. Or an agreement to introduce a bill into a legislative body for an appropriation and to argue the matter, etc., no fee to be paid unless the bill passed: Richardson v. Scott's Bluff Co., 81 N. W., 309.

On the general subject of lobbying contracts: Sweeney v. McLeod, 15 Ore., 330; Cary v. W. U. Tel. Co., 47 Hun., 610; Cheeseborough v. Conover, 140 N. Y., 382; and note to Houlton v. Dunn (Minn.), 30 L. R. A., 737.

In opposition to the validity of the contract at bar, there was cited: 21 Wal., 441; 2 Wal., 45; 56 O. S., 116; 66 Barber, 543; and 16 How., 314.

DEMPSEY, P. J.; SMITH, J., and FERRIS, J., concur.

Wm. L. Dickson brought an action in the court below to recover from the defendants $2,900 for services rendered as an attorney during the years 1893, 1894 and 1895 in securing the consents of the property owners on Mitchell avenue from Avondale to Spring Grove avenue; on Spring Grove avenue from Millcreek Bridge to the city; along Route No. 1, Winton Place Railway; along Spring Grove avenue in St. Bernard, from Bridge to Carthage Pike; and in securing from the different public authorities having control of said streets, the right to operate a street railway thereon.

The defense was a general denial, and upon the trial resolved itself into two defenses:

First. That the defendants did not employ the plaintiff to render such services, and

Second.   That if the defendants did employ the plaintiff to render such services, the employment was illegal, because it constituted what is known as "lobbying."

The jury returned a verdict for the defendants, and the plaintiff prosecutes error to reverse the judgment below upon several grounds.

We do not find it necessary to express an opinion upon all the grounds of error, as we are of the opinion that the judgment must be reversed at least upon two grounds, viz.:

1. The court gave the following two special charges over the exception of plaintiff:

"(a) If the jury find from the evidence that the services or any part thereof, claimed to have been rendered by plaintiff, on behalf of the defendants, were so rendered by him *in personally persuading and influencing* the Council or the individual members of such Council of Clifton, St. Bernard, Winton Place, or the Trustees of Spring Grove Cemetery, or the Commissioners of Hamilton County, Ohio, to make the street railroad grants in question, then I charge you that the plaintiff can not recover for such services.

"(b) If the jury find from the evidence that the services or any part thereof, claimed to have been rendered by plaintiff on behalf of the defendants, were so rendered by him *in personally persuading and influencing* the Council or the individual members of such Council of Clifton, St. Bernard, Winton Place, or the Trustees of Spring Grove Cemetery, or the Commissioners of Hamilton County, Ohio, to make the street railroad grants in question, then I charge you that the plaintiff can not recover for such services."

The charge then concludes by reference to another matter not now necessary to consider.   It seems to us that these charges are erroneous in stating that the services of the plaintiff were illegal if he "personally persuaded or influenced" the various public bodies or the individual members of the same.   This charge would make any action on the part of plaintiff illegal except a mere request for the franchises which were to be granted.   If he stepped beyond this and used argument to persuade, his action became illegal. This is clearly erroneous.

2. In charging upon the defense of illegality of the services rendered the court said:

"Now as to the first defense, gentlemen, the evidence as to just exactly what Mr. Dickson did with reference to securing consents from the Council of Clifton and the County Commissioners of Hamilton County and the members of the Board of Control, and the Councils of St. Bernard and Winton Place, *is not very clear and specific.* Mr. Dickson has testified that by reason of his efforts extending over a long period of time, he succeeded in getting all the necessary franchises, *but just exactly what those efforts were is not so clear and specific as we might like to have it.*"

This charge is open to two objections: First, it was a comment upon the weight of the testimony of the plaintiff, and was, therefore, error in this state; and second, as the defense was that the plaintiff was engaged in illegal work, and, therefore, in work the details of which he would want to conceal, the comments of the court that his testimony was "not very clear and specific" and that "just exactly what these efforts were is not so clear and specific as we might like to have it" was likely to be taken by the jury as a possible expression of opinion that there had been some concealment on the part of plaintiff. The charge of the court, although not intended to express this opinion, was susceptible of this construction by one or more of the jury, and was, therefore, prejudicial and erroneous.

Judgment reversed.

*Wm. L. Dickson,* for plaintiff.

*Wallace Burch, James R. Foraker,* for defendants.