## C. H. BARHAM, Respondent, v. COLP, ARNOLD & COMPANY, Appellants.

### St. Louis Court of Appeals, February 12, 1901.

1. **Justice's Court: STATEMENT: SUFFICIENCY OF.** The account sued on apprised the defendant of the amount of each item and the nature of it, which was a sufficient statement of a cause of action before a justice of the peace.

2. **———: ———: STATUTE OF FRAUDS.** The evidence is not that the respondent paid the debts of another under a verbal contract with defendant, but that he paid debts which the defendant agreed to pay to prevent an attachment of its mill, and to keep it in operation.

Appeal from Stoddard Circuit Court.—*Hon J. L. Fort,*
Judge.

AFFIRMED.

*J. R. Young* for appellant.

(1)    The petition does not state facts sufficient to constitute a cause of action on account of failure to allege or intimate any contractual relations between the parties, or allege any reason why respondent should be re-imbursed by appellant for money paid to third parties to extinguish debts of other third parties, and appellant's objections to the introduction of any testimony on petition should have been sustained. Embree v. Patrick, 72 Mo. 173; Hattin v. Randall, 48 Mo. App. 206; Mumford v. Kiet, 65 Mo. App. 505; Cook v. Putnam Co., 70 Mo. 670.    (2)    The supposed contract relied upon by respondent was for the payment of the debts of another, and within the statute of frauds. It could not be recovered upon unless in writing. R. S. 1899, sec. 3418.

*Mozley & Wammack* for respondent.

This suit started in a justice of the peace court, and no formal pleadings are required. R. S. 1899, sec. 3852. However, the statement filed by respondent complies fully with all the requirements of good pleading on an account in justices' courts. Terti v. Ins. Co., 76 Mo. App. 42; Byrne v. Railroad, 75 Mo. App. 36.

BLAND, P. J.—This suit was commenced before a justice of the peace by respondent on the following account:

Colp, Arnold & Co., to C. H. Barham, Dr.:

| | | |
|---|---|---:|
| 10- 4-99 | To amount paid P. & L. Hands .....$ | 90 19 |
| 10-20-99 | To amount paid Colp & Co. ........ | 100 70 |
| " | To amount paid C. H. Barham acc't. . | 66 45 |
| " | To amount paid Joe Lambert .. .. ... | 4 70 |
| " | To amount paid T. W. Alsup ........ | 3 65 |
| " | To half gallon Machine Oil ... ...... | 25 |
| " | Amount paid J. D. Kirby. ... ...... | 82 24 |
| | Total .... .... ... ...... ...: | $348 18 |

Colp, Arnold & Co., Cr.:

| | | |
|---|---:|---:|
| Small amounts collected ..... .... .....$ | 14 | 57 |
| By first check .... ...... . ......... | 76 | 75 |
| By second check ........ ...... .... | 80 | 25 |
| By T. M. Harper ... .... ...... | 21 | 60 |
| By Nelson Cline ...... ...... ...... | 25 | 00 |
| Total.. .... .... .... ......... .... | 218 | 17 |
| Amount due C. H. Barham ...... .... | $130 | 01 |
| Credit by sawing cypress.............$20 49 | | |
| Amount due C. H. Barham.. ........ | $109 | 52 |

The cause was taken to the circuit court by appeal, where the case was tried by a jury. Respondent in support of his action testified as follows:

"Proctor & Lindsey bought the mill from Colp, Arnold & Co., and run it up to the time I took charge, as shown in the account; they had become involved, and had failed, and owed a considerable sum of money for labor and timber, and John Colp came over to take the mill back for Colp, Arnold & Co. At this time, the hands and the men they owed for timber were threatening to attach the mill and the other property for their debts, and Proctor & Lindsey, and John Colp came to my store and asked me to take charge of the saw mill, and the lumber and logs on hand, and to run it until Mr. Colp could go home and return, a period of about one or two weeks.

"The hands and others, having debts against the stuff, would not agree to release it unless I would take charge and guarantee their debts. To accommodate Mr. Colp, and to keep down litigation, and to help my neighbors, I agreed with John Colp to take charge of the mill, to buy timber and run the mill, and to sell the product thereof, and apply the proceeds to the payment of the debts of Proctor & Lindsey, and the running expenses of the mill.

"At this time they didn't know exactly what the debts of the firm were, and Mr. Colp agreed for Proctor & Lindsey to get up the amount and turn it in to me, and I was to pay such sums as they should turn in.

"It was agreed that I was to run the mill and pay the proceeds arising therefrom to the payment of these debts, and if the proceeds overrun the debts that should be turned in, after deducting running expenses. I was to pay the balance over to Colp, Arnold & Co., and if the amounts realized from the running of the mill did not fully discharge the debts, Colp, Arnold & Co., were to pay me the balance due me on account

of having taken charge of the mill for them, and paying Proctor & Lindsey's debts.

"John Colp, who was here looking after the business, agreed in the presence of witnesses, that he would pay me any sums of money that I was out on account of paying these debts above the amounts realized from the running of the mill.

"Under this agreement I took the mill and run it a little over a week, and paid out the several sums for labor and material set out in my account, and the back debts were all paid according to the accounts submitted by Proctor & Lindsey.

"Mr. Colp returned in about eight or ten days, and just took charge of the mill, and took the lumber and logs I had on hand and disposed of it, and I just supposed he intended to settle with me, and let him take the stuff, but he failed to do so.

"The account on file in this case is a just and true account of my transactions while I had charge of the mill for Colp, Arnold & Co.

"I paid out for Colp, Arnold & Co. the several amounts therein shown, and have given them due credit for all the money that came into my hands on account of running the mill for them while Mr. Colp was absent, and the balance of $109.52 therein claimed is justly due me from Colp, Arnold & Co., has not been paid, and is still due.

"That I have demanded payment of them, but they have refused to pay prior to the institution of this suit.

"That my agreement was with Mr. John Colp, and I undertook to run the mill for, and did run it for Colp, Arnold & Co., and I looked to them for my money."

As to the agreement between him and Colp, acting for Colp, Arnold & Co., respondent was corroborated by four disinterested witnesses.

For appellant, John Colp testified as follows:

"John Colp, being produced and sworn, to sustain the issues on part of the defendant, testified that he turned the mill, bought by Proctor & Lindsey, over to the plaintiff, and that the material was also turned over to him, and that it was agreed that the sum of one hundred and ten dollars, amount owed by Proctor & Lindsey for labor and material, should be paid out of the material turned over to plaintiff, and that plaintiff was to account to him for the balance."

He further testified that he was the president of Colp, Arnold & Co., a corporation. Colp's testimony of the contract with respondent was corroborated by W. H. Proctor.

Appellant objected to the testimony of respondent on the grounds that the petition does not state a cause of action, does not state any contractual relations between the parties, and because the contract does not apprise defendant of the issues it is expected to meet, and at the close of plaintiff's case offered a demurrer to the evidence, which the court refused, to which rulings appellant saved its exceptions. At the close of all the evidence, appellant offered the following instruction: "2. The Court instructs the jury that the corporation, Colp, Arnold & Co., could not be bound by a representative to pay any sum for which said corporation received no consideration, and that an agreement to pay the debt of another must be in writing before anyone claiming under such agreement can recover;" which the court refused to give. To this ruling appellant also saved an exception.

I. The account sued on is sufficiently definite and certain to apprise the appellant of the amount of each item therein and to inform it to whom the money was paid and to inform it that the money so paid was paid out at its instance and request or on its order or orders; this was a sufficient statement of a cause of action before a justice of the peace. It was not required, that before a justice of the peace, the respondent

should file a declaration or statement setting out the agreement and that he paid out the several sums he did pay under the agreement, and the court correctly overruled the appellant's objection to the respondent's testimony and the demurrer to that testimony after it was in.

II. The court correctly refused the instruction (supra) asked by appellant at the close of all the evidence. The evidence is not that the respondent paid the debt of another under a verbal contract with the appellant, but that he paid debts which the appellant agreed to pay to prevent an attachment of its mill, and to keep it in operation. We discover no reversible error in the record and affirm the judgment. All concur.