SUBLETT & VASQUIES v. NOLAND.

1. A. and B. entered into articles of agreement with C, D, E and F, by which the latter agreed to wagon certain articles for the former at a stipulated price, and on the delivery of the articles, the latter were to be paid the amount "due to each in accordance with the amount by each respectively hauled." Held to be a several and not a joint contract.

2. The 6th sec. of the 2d art. of the act relating to justices' courts, requiring the instrument of writing purporting to have been executed by the defendant, upon which suit is founded, to be filed with the justice before process shall issue, is merely directory.

3. The act was passed for the benefit of the defendant, to apprise him of the nature of the claim set up by the plaintiff; the advantage thus secured to the defendant may be waived by his own act.

4. After an appeal taken to the circuit court it is too late for the plaintiff to object, for the first time, that the original agreement was not filed with the justice before suit brought, as the circuit court is directed by the statute to try the cause anew, "without regarding any error, defect or other imperfection in the proceedings of the justice."

ERROR to the circuit court of Jackson county.

*Adams & Hayden,* counsel for plaintiffs:

For the plaintiffs in error, it is contended that the court erred in refusing the instruction asked by the defendants below. That the motion for a new trial and in arrest, should have been sustained:

1. Because the original agreement between the parties was not filed with the justice before suit brought—see Statutes of Mo. Digest 1835, p. 350, sec. 6, 7, 8; 3. vol. Mo. Rep. 233.

2. Because the contract sued upon was with several others besides the defendant in error, and they should have been parties plaintiffs in the action—see Chitty's Pleadings, 9–10.

*Birch,* counsel for defendant.

NAPTON, Judge, delivered the opinion of the court.

Noland sued Sublett & Vasquies before a justice of the peace, for certain services performed by him in hauling furs, &c., from Independence to Platte river, and filed with the justice a bill of the items of his account. He also filed a paper, purporting to be the agreement made by himself and several others who were employed by defendants in the same business, the substance of which is, that Sublett & Vasquies agreed to pay each of the wagoners, including Noland, a certain price per day for hauling, specifying the amount each wagon was to

contain and the price per hundred weight. This agreement was signed by all the parties above named, and was the contract on which the plaintiff founded his bill of items. Noland obtained judgment before the justice, and the defendants appealed. On the trial in the circuit court, it appeared in evidence, that the paper purporting to be the agreement on which the account of Noland was founded, was only a copy of the original agreement, and that the original itself had not been filed with the justice at the time the summons issued. It was also proved that the copy was a correct one; that the original was in evidence before the jury on the trial before the justice, and brought there by a *subpœna duces tecum;* that after the trial before the justice, the attorney of defendants had gotten possession of it. The plaintiff served a notice on said attorney in court to produce this original agreement, which the attorney declined doing. Thereupon plaintiff offered the copy alluded to above in evidence, and the court permitted it to be read.

There was much evidence in relation to the performance of the services under the contract, and in relation to some off-sets claimed by the defendants; but as the counsel have abandoned all the points which would apply to the sufficiency of the testimony, it is deemed unnecessary to rehearse it.

The only points insisted on in this court are: 1. That the contract in this case having been made conjointly with Noland and several others besides the plaintiff, they should have been parties plaintiffs in the action. 2. That the court erred in not arresting the judgment, because the original agreement between the parties was not filed with the justice before suit brought.

1. The agreement under which plaintiff's services were rendered, is as follows:

"An article of agreement made and entered into this, the fifth day of September, eighteen hundred and thirty-six, between Andrew Sublett and Lewis Vasquies, trading under the firm and style of Sublett & Vasquies, of the one part, and Joseph Wear, L. Bank, James Woorley, Smallwood V. Noland, Gilliam Bailey, and Dana Smith, of the other part, witnesseth: that the said Sublett & Vasquies have this day hired the said Wear, Bank, &c. &c. to haul from the river Platte, thirty miles below the forks thereof, certain articles of fur and buffalo robes, for which the said Sublett & Vasquies are to pay to the said parties, from the date hereof, the sum of three dollars per day, until the day that the said party may reach, with

A. and B. entered into articles of agreement with C, D, E and F, by which the latter agree to wagon certain articles for the former at a stipulated price, and on the delivery of the articles, the latter were to be paid the amount "due to each in accordance with the amount by each respectively hauled." Held, to be a several and not a joint contract.

APRIL TERM,
1839.

Sublett & Vas-
quies v. Noland.

their teams, the place of landing the said robes and furs, from and after which time the said Sublett & Vasquies are to pay to said parties three dollars per day, provided each wagon hauls three thousand pounds, and should any wagon fail to haul the above amount, then they are to pay in proportion to the amount hauled, at the rate of three dollars per day for every three thousand pounds hauled by each wagon, and should any or all the wagons haul a greater amount than three thousand pounds, the said wagons are to be paid in proportion to three dollars per day for every three thousand pounds thus hauled. The said wagons are to be well prepared, &c. The said Wear, Bank, &c. &c., are to respectively furnish themselves and teams with all and every thing needed; in short, to be at all expense that may be incurred about the wagons, &c. The said teamsters are to deliver their respective loads at Everett's warehouse, on the Missouri river, and on the delivery thereof, the said Sublett & Vasquies are to pay to them the amount *that may be due to each in accordance with the amount by each respectively hauled.*

"It is further agreed and understood, that the said S. & V. are to pay to the said parties, upon their return trip, at the rate above specified, until their return here at Everett's landing, provided the said wagoners should not lose their teams by Indians; but in all cases the said teamsters are to make use of every precaution to prevent the loss of their teams in any way whatever; but especially to prevent their animals being stolen by the Indians. Lindsay Bank, Gilliam Bailey, James Woorley, James Wear, William Bailey, S. V. Noland & Co.; Vasquies & Sublett."

There is nothing in this instrument which indicates that the interest of the several parties who were to perform the services was *joint;* on the contrary, their legal interest was clearly several. Each owner of a team was to be paid in proportion to the amount hauled by him, and the number of days consumed in performing the trip. Their legal interest being several, a joint action could not have been sustained. There was no error on this point.

The 6th sec. of the 2d art. of the act relating to justices courts, requiring the instrument of writing purporting to have been executed by the defendant,

2. The second objection is founded on the refusal of the court below to arrest the judgment, because the original agreement was not filed with the justice. In support of this objection, the 6th section of the 2d article of the law relating to justices' courts, is relied on. This court is not prepared to say that the suit in this case was founded on the instrument containing the terms of the contract,

which was unsealed, and merely the evidence of the existence of a special contract. But admitting that this instrument is such a one as is contemplated by the statute, and ought to have been filed on the issuing of the summons, I understand the statute requiring the instrument to be filed, to be merely *directory.* The act was passed for the benefit of the defendant, to apprise him of the nature of the claim set up by the plaintiff; and this advantage and benefit, thus secured to defendants, may be waived by their own acts. Had the defendants availed themselves of their technical advantage in time, the case might have stood differently. The case, however, came up into the circuit court, which court is by law directed to try the cause anew, " without regarding any error, defect, or other imperfection in the proceedings of the justice." There the plaintiff accounted for the absence of the original agreement, and offered in evidence a copy, and the court properly allowed the copy to go to the jury.

Judge Tompkins concurring, the judgment of the circuit court is affirmed.

*Margin headnote:* APRIL TERM, 1839. Kizer v. Wilkes. — upon which suit is founded, to be filed with the justice before process shall issue, is merely directory. The act was passed for the benefit of the defendant, to apprise him of the nature of the claim set up by the plaintiff; the advantage thus secured to the defendant may be waived by his own act.

After an appeal taken to the circuit court it is too late for the plaintiff to object, for the first time, that the original agreement was not filed with the justice before suit brought, as the circuit court is directed by the statute, to try the cause anew "without regarding any error, defect or other imperfection in the proceeding of the justice."