Boatman v. Curry.

—◄•●•►—

25    433
102a   319

BOATMAN et al., Respondents, v. CURRY, Appellants.

1. The fact that an instrument, the foundation of an action, is not filed with a justice of the peace, is no ground for dismissing the suit; at most such failure is a ground for a continuance.
2. A wife may when she becomes discovert affirm and ratify a deed made by her during coverture.
3. Though, in a suit in behalf of persons claiming to be husband and wife to recover rent of the wife's land alleged to be due, it is competent for them to prove the marriage by evidence of cohabitation and by general reputation, yet the defendant may show that the alleged marriage is illegal and void.

*Appeal from Kansas City Court of Common Pleas.*

This was a suit instituted by John Boatman and Elizabeth, his wife, before a justice of the peace, to recover $40, the rent of a farm for six months. The cause was taken by appeal by the defendant Curry to the Kansas city court of common pleas. The account filed before the justice was as follows: " Oliver P. Curry to John Boatman and Elizabeth Boatman, Dr. To one-half year's rent of farm, at $80 per year—$40." Before the trial the defendant moved to dismiss the cause because it was founded on a certain lease which had not been filed with the justice before process was issued. This motion was accompanied by proof that the same motion had been made before the justice and had been overruled. The court overruled the motion. The plaintiffs " proved by several witnesses," says the bill of exceptions, " that plaintiff Elizabeth Boatman, sometime about the 12th day of April, A. D. 1856, and whilst the wife of one George Daniels, leased in writing to one Sylvanus Crow certain premises formerly occupied by the said George Daniels and the said Elizabeth during the time they lived together, and which continued to be used and occupied occasionally by said George Daniels after the commencement of a suit by him against the said Elizabeth for a divorce. Plaintiff further proved that said lease was produced by plaintiffs on the trial before said justice, but that since said trial it had been lost or mislaid. Plaintiffs were then permitted to prove the contents of said lease without being required to prove the execution thereof, to which defendant objected; to which action of the court, in overruling said objection and admitting said evidence, defendant, by his attorney, excepted. Plaintiffs then proved by a witness, T———n, that defendant on one occasion, some time in April, A. D. 1856, and after he had taken possession of said premises, said he owed Mrs. Daniels some rent, but did not state the amount. Plaintiff proved by another witness, Casside, that defendant told him that the defendant held the premises and that he stood in Crow's shoes

Boatman v. Curry.

under Crow's bond, and that he had paid Crow forty dollars. Plaintiffs proved by one Matthews the contents of said lease, and that the amount of rent thereon stipulated to be paid by Crow to Mrs. Daniels was the sum of eighty dollars per annum, and that the place was worth one hundred and twenty dollars per annum. There was no evidence of any contract between plaintiffs or either of them and defendant respecting the use and occupation of said premises. Before any evidence was offered by plaintiffs, defendant made to said court and jury a special denial of the marriage of plaintiffs and of their right to maintain this action as husband and wife. The court permitted plaintiffs to prove a general reputation of their marriage, and that they lived together as husband and wife, to which evidence defendants objected, and to which action of the court overruling the objection and admitting said evidence defendant excepted. Plaintiffs made no further proof of their marriage. It appeared in evidence that the said Elizabeth, who sues herein by the name of Elizabeth Boatman, is the same Elizabeth Daniels who leased said premises to said Crow, and from whom the said George Daniels subsequently procured a divorce. Defendant then offered in evidence a certified copy of the record of a judgment of said court rendered on the 19th day of July, A. D. 1856, in a certain cause between the said George Daniels as plaintiff and the said Elizabeth Boatman, one of the present plaintiffs, then Elizabeth Daniels, as defendant, divorcing the said George Daniels from the said Elizabeth Daniels. To the introduction whereof plaintiffs objected for irrelevancy. Defendant then stated to the court its supposed relevancy and purpose thereby to prove, 1st, the coverture of plaintiff Elizabeth Boatman at the time of the leasing by her to said Crow ; and, 2d, her incapacity to marry again for the space of five years from the said 19th day of July, A. D. 1856, the date of said judgment of divorce. The court sustained plaintiff's objection to the introduction of said judgment for irrelevancy and excluded the same from the jury ; to which opin-

ion and action of the court, in sustaining said objection and excluding said evidence, defendant excepted."

The court, at the instance of the plaintiff, gave the following instructions : " 1. If the jury believe from the evidence that defendant occupied the farm or tract of land rented by Sylvanus Crow from plaintiff Elizabeth Boatman during the year ending April, 1857, they will find for the plaintiffs whatever amount they may believe from the evidence remains unpaid of the rent which said Crow was bound to pay by virtue of his contract with said Elizabeth. 2. If the jury believe from the evidence that defendant agreed to take the farm off the hands of said Crow, and by reason and in pursuance of said agreement took possession of and occupied said farm, they will find for plaintiffs the amount which they may believe due on the 1st of January, 1857, on account of the use and occupancy of said farm under the contract of April, 1856. 3. That George Daniels, the former husband of said Elizabeth Boatman, has no right to and can not by reason of his marriage with her legally claim any of the money or property of his said wife which he had not reduced into actual possession prior to the term of his divorce from her."

The court, at the instance of the defendant, gave the following instruction : " 4. Unless the jury believe from the evidence that said John and the said Elizabeth were legally married prior to the commencement of this suit, they must find for defendant."

*Napton*, for appellant.

I. The court erred in admitting proof of the contents of a lease without preliminary proof of its execution. By the instructions and testimony it will be seen that the responsibility of defendant was based upon a lease to a third person, and this lease was of course inadmissible without proof of its execution.

II. The lease was invalid if executed by a married woman, and the plaintiffs' own proof showed this to be the case.

III. Although proof of general reputation might in ordinary cases of this character be sufficient to establish a marriage, yet as the marriage was expressly put in issue and the defendant offered record evidence of the incapacity of Mrs. Daniels to contract a second marriage at the time of the alleged marriage, the court erred in excluding such proof and determining general reputation to be conclusive.

IV. But, apart from these questions, the first instruction given by the court was wrong, and the instruction is independent and not ratified or in any way affected by any other instruction given on either side. It assumes the liability of defendant on account of a tenancy supposed to exist between plaintiffs or one of them and a third person, with whom no connection of defendant is required to be shown—no agreement to assume his liabilities—no acknowledgment of tenancy—and without reference to any payment made to such third person.

V. The second instruction is also wrong. In short, whatever may be the merits of this case, in an ordinary action for use and occupation, which the evidence does not disclose, it is manifest that there was an entire failure of proof to put the defendant on the same footing of responsibility with the lessee Crow, and the instructions of the court did not place the points of law clearly before the jury.

SCOTT, Judge, delivered the opinion of the court.

There is nothing in the point that the lease was not filed with the justice before suit was brought. The defendant was no party to the lease, and of course it could not be the foundation of an action against him. There is nothing in the record in relation to an assignment of it. Besides, it is no ground for dismissal that the instrument — the foundation of the action—is not filed with the justice; at most, such failure can only cause a continuance, if one is necessary to a fairt rial.

The deed of a married woman may be void; but if it is void

why insist on its execution being proved? No doubt, when the loss of an instrument is established, its execution must be proved before it can be read. (1 Starkie, 349.) How that is to be done will depend on the circumstances of the case, taking care not to allow an inferior degree of evidence when it appears that evidence of a higher degree is attainable. But though the deed of a married woman may be void, yet when she becomes discovert, there is nothing that prevents her from acquiescing in the contract stated in the deed; and if she does so and both parties agree to it, they will be bound by it, and it is not for third persons to object to the validity of such an agreement.

It was allowable for the defendant to show that the marriage established by evidence of reputation and cohabitation was illegal and void. The proof of marriage by cohabitation was sufficient in this form of action, and the defendant could not change the nature of the evidence necessary to prove a marriage by any averment he might make that there was no marriage between the parties, or by an attempt to raise an issue on the specific denial that there was an actual marriage. But though a marriage may be proved by evidence of cohabitation, yet it is competent for a party to show that it was illegal and void. (2 Starkie, 221, 939.)

The judgment must be reversed for the giving of the first instruction asked by the plaintiffs. It is wholly unfounded in law. The statement of the proposition therein contained is sufficient for its refutation. Nor is it helped by the rule that all the instructions given in a cause must be considered together. The proposition contained in the instruction is an independent one, and of itself warranted a verdict. Besides, if the rent of the farm was eighty dollars a year, although the defendant may have enjoyed it for six months, yet it may be his enjoyment was not as beneficial as that of him who enjoyed it for the six preceding months. The occupancy of the defendant may have been for a time when no crop could have been made. In the absence of all agreement as to the amount of rent to be paid, the plaintiffs could only recover

the value of the enjoyment to the defendant.  Judge Ryland concurring, the judgment will be reversed and the cause remanded ; Judge Leonard absent.