SARAH A. SCHENCK ET AL., Respondents, v. WILLIAM
STUMPF, SR., Appellant.

December 31, 1878.

1. The fact that the instrument sued on is not filed with the justice is not suffi-
cient ground for dismissing the suit.
2. Where a married woman is a proper party to an action, the husband must
be joined.
3. Where the trustee to whom was conveyed realty for the separate use of a
married woman is dead, a lease executed by the married woman is void,
and no action can be maintained on it.
4. A lessee is not, by the fact that his co-lessees entered under a void lease and
occupied according to its terms, estopped to dispute its validity, estoppels
being mutual, and the lessor, a married woman, not being estopped.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*

FRED. STUMPF, for appellant: In an action before a
justice of the peace, the instrument sued on must be filed
with the justice. — Wag. Stats. 813, sect. 9; *Sublett* v.
*Noland*, 5 Mo. 516; *Lemon* v. *Cass*, 60 Mo. 173. A
married woman can make a valid lease of property conveyed
to a trustee for her separate use, though the trustee be
dead. — *Baker* v. *Hall*, 59 Mo. 265; *Roberts* v. *Mosely*, 51
Mo. 282.

C. C. SIMMONS, for respondents: The husband and wife
must be joined, where the wife is a necessary party. — *Boat-
man* v. *Curry*, 25 Mo. 433; *Grant* v. *White*, 42 Mo. 285.
Estoppel. — *Grant* v. *White*, 42 Mo. 285. It was not nec-
essary to file with the justice the lease sued on. — *Sublett*
v. *Noland*, 5 Mo. 516; *Boatman* v. *Curry*, 24 Mo. 433.

BAKEWELL, J., delivered the opinion of the court.

This was an action before a justice of the peace, against
William Stumpf, Sr., and two other defendants, for three
months' rent under a written lease. There was judgment
against all the defendants before the justice, and William

Stumpf, Sr., appealed. On trial anew in the Circuit Court, there was a finding and judgment against defendant and his sureties on the appeal-bond, from which defendant appeals.

The plaintiff introduced in evidence a deed to Lawrence Matthews as trustee, for the sole and separate use of plaintiff, Sarah Schenck; also a lease dated May 22, 1876, executed by Sarah Schenck alone, by which she demised to the defendants, William Stumpf, Sr., William Stumpf, Jr., and George Anschutz, the property described in the trust-deed, for a term of three years, commencing at the date of the lease, at a certain yearly rent, payable monthly in advance. The lease is not under seal, and is signed in duplicate by the lessor and lessees.

Plaintiff Sarah testified that she was, at the date of the lease, the wife of the co-plaintiff; that she executed the lease; that the trustee, named in the deed read in evidence is dead, and that no trustee is appointed in his place; that George Anshutz and William Stumpf, Jr., occupied the premises, and paid the rent up to the 22d of October, 1876; and that the amount sued for is due for three months' rent, to January, 1877. On cross-examination, she said that William Stumpf, Sr., never occupied the premises; that the other two lessees always paid the rent to her agent; that William Stumpf, Sr., signed the lease, and that she wanted some responsible person as surety for the rent.

It is contended by counsel for the appellant that the justice had no jurisdiction of the action, as it appears that the lease read in evidence, and which is the foundation of the action, was not filed before the justice; that plaintiff's husband is improperly joined; that the action could only be brought in the name of Sarah Schenck's trustee; and that the lease, being executed by a married woman, is void. The record shows that these points were all properly saved on the trial.

1. The fact that the instrument on which the action was founded was not filed with the justice is no ground for

dismissing the suit. This is ruled in many cases. 5 Mo. 516; 25 Mo. 433; 27 Mo. 396.

2. The statute is imperative that the husband must be joined when a married woman is a party. If Mrs. Schenck was a necessary or a proper party to this action, her husband was rightly joined.

3. The action being on a written lease, was properly brought in the name of the lessor; and if it was competent for Mrs. Schenck to make a lease, it was unnecessary to join her trustee; if she could not make the lease sued on, it would of course be useless to join him.

4. The lease of a married woman is, for most purposes, void at common law. It is held that where by statute all real and personal property of a married woman is declared to be her sole and separate property, subject to her control, the power is necessarily conferred to sell and convey without the husband's consent, and that such a statute so modifies the common law as to enable her to make valid contracts in regard to her real estate and personal property, and to execute a lease that shall bind all the parties to it.: *Parent* v. *Callerand*, 64 Ill. 98. Our statute exempts the real estate of a married woman from liability for her husband's debts (Wag. Stats. 935, sect. 14), and makes her personalty her separate property, subject to her control (Acts 1875, p. 65, sect. 1); but it has no provision giving her the sole control of her real estate. Had the title to this land been in the wife, the case would be parallel to *Grant* v. *White*, 42 Mo. 285; and we might then consider this lease as the lease of the husband, executed by the wife as his agent, and so uphold it. But the property in question was, unfortunately for this theory, shown by the deed — quite unnecessarily introduced by plaintiff — to be the sole and separate property of the wife, free from all control of her husband.

It is contended that as defendant voluntarily entered into the contract, and as his co-lessees went into posses-

sion under it, and peaceably occupied the premises according to its terms, he is by the plainest principles of justice estopped from disputing its validity. That, indeed, is said in *Grant* v. *White*. But, as we have seen, the lease was there sustained as the lease of the husband. In this case, the lease cannot be called the lease of the husband; and defendant cannot be estopped to deny the lease, unless the lessor would also be estopped; for estoppels are mutual. But it is the well-established doctrine that, except in case of fraud, a married woman is never estopped. There is no estoppel in her case if the action sounds in the contract.

It seems hard indeed that defendant, having signed this lease, and by this means secured the enjoyment of these premises for his son and his son's partner, should now be allowed to escape on the plea that the other party to the contract was a married woman. But we see no way of escaping the conclusion that the lease was void. As the action was upon the lease, it cannot be sustained. The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.