Slaughter v. Davenport.

---

O. V. SLAUGHTER, Appellant, v. JOSEPH DAVENPORT, Respondent.

Kansas City Court of Appeals, December 14, 1896.*

1. **Justices' Courts: AMENDED STATEMENT: PARTIES: JOINT CONTRACT.** In a complaint filed before a justice of the peace it was alleged that defendant promised to pay S, G and B a certain sum for macadamizing a public road. The contract which was in writing promised to pay S, G or B said sum. Held, there was a variance since the statement was on a joint contract and the evidence showed a several contract, and the statement could not be amended by striking out G and B and leaving the suit in the name of S.

2. ———: **APPEAL: CHANGING ACTION: PARTIES.** On an appeal from a justice's court the action that was tried below must be tried in the circuit court; and striking out two parties plaintiff and leaving a sole plaintiff, where a statement alleges a joint contract, changes the cause of action though new parties plaintiff might be added if necessary to a complete determination of the action.

Appeal from the Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

AFFIRMED.

*NOTE.—This case reached the reporter April 17, 1900, without briefs which had been sent to the Supreme Court. See 151 Mo. 26.

*Cook & Gossett* for appellant.

*W. B. C. Brown* for respondent.

ELLISON, J.—The following statement will be sufficient for the points involved, and for the reason upon which our conclusion is based.

Plaintiff and two others, Green and Brooking, jointly sued defendant on a written contract of subscription which promised to pay to "T. W. Green, H. C. Brooking or Orlando Slaughter." Plaintiff obtained judgment before the justice. On appeal to the circuit court, when it developed that the contract was a promise to pay to Green or Brooking or Slaughter, defendant took the ground that the petition declared on a promise to pay to plaintiffs jointly, whereas the evidence showed a contract to pay to either of plaintiffs. Plaintiff contended that the contract was as though the promise was to Green, Brooking and Slaughter. The court ruled against plaintiff, and counsel thereupon asked leave to amend by striking out the names of plaintiffs Brooking and Green, leaving the case to stand in Slaughter's name alone. This was permitted and defendant excepted. The case then proceeded to trial and resulted in a judgment for plaintiff. Defendant thereupon filed a motion for new trial, and the court sustained the motion. Whereupon plaintiff appealed. The ground upon which the new trial was granted is that the cause of action declared on is that of a written contract promising to pay to three jointly, while the evidence showed promise to pay either of the three severally, and that the amendment by striking out the names of the two plaintiffs had the effect to change the cause of action.

Our opinion is that while it may not be true that in all cases where the disjunctive, "or," is used between the names of contracting parties as in this case, that it would necessarily

mean a several contract, but in this case a subscription paper to obtain subscriptions to aid in macadamizing a road being signed by defendant, we are satisfied its proper interpretation is that it was several—the promise was to pay either of the three.    The cause of action alleged was on a joint contract. The amendment changed it to an action on a several contract. Can this be done?    It appears not to be allowable under the authorities in kindred cases.    Thieman v. Goodnight, 17 Mo. App. 429; Faulkner v. Faulkner, 73 Mo. 327; Baker v. Raley, 18 Mo. App. 562.

Amendments are liberally allowed, especially since the enactment of section 6347, Revised Statutes 1889.    But it must be remembered that under the provisions of section 6345, "The same cause of action, and no other, that was tried before the justice shall be tried before the appellate court upon appeal."    See Gregory v. Railway, 20 Mo. App. 448, and Evans v. Railway, 67 Mo. App. 255.    The cause of action tried in the justice's court was a suit on a joint contract.    That tried in the circuit court was on a several contract.    The same proof would not meet each case.    It is true that the section last referred to contains a provision by way of proviso to what we have quoted—"that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court."    But here no new parties were brought in as parties plaintiff.    By striking out two plaintiffs the character of the contract was changed, as well as the contracting parties.    If it had been a mere addition of parties without changing the nature of the contract, as if the contract was alleged to have been with three jointly whereas the proof showed it to have been with a greater number; in such instance the additional plaintiffs could be added.    The cause of action would remain the same.

It follows from the foregoing that the trial court properly held the contract to be several, and improperly allowed the amendment which changed the cause of action from one joint

to one on a several contract, and that for the latter error, it properly created the new trial. The order sustaining the motion will be affirmed. All concur.