## JAMES McDERMOTT, Respondent, v. THOMAS DWYER, Appellant.

**St. Louis Court of Appeals, December 17, 1901.**

1. **Attachment for Rent:** AFFIDAVIT, WHEN MADE AND BEFORE WHOM. In the case at bar, the plaintiff to sustain his action in attachment for rent, under section 4123, Revised Statutes 1899, made his affidavit before the justice in whose office he lodged his complaint, and the fact that said justice chose to attach a jurat in his capacity as a notary public, does not affect plaintiff's rights.

2. **Practice, Trial:** TIME OF FILING INSTRUMENT SUED ON: STATUTORY CONSTRUCTION. It is a sufficient compliance with section 3853, Revised Statutes 1899, to file the instrument sued on, with the justice who tries the case, before the jury is sworn or the trial commenced.

3. ———: ———: DOCKET ENTRY NOT NECESSARY. Nor is it necessary there should be a docket entry showing the filing of the instrument sued on, if it was attached to and among the original papers.

4. **Rent:** DEMAND FOR, WHEN IT SHOULD BE MADE. A demand for rent is only necessary when the rent is due and unpaid.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Thos. Morris* and *J. J. O'Donohoe* for appellant.

(1) A suit by attachment instituted upon a claim not due must be dismissed where the issue on the plea in abatement is found for defendant. Grier v. Fox, 4 Mo. App. 522; R. S. 1899, sec. 3850, p. 936. A suit is commenced

McDermott v. Dwyer.

when the papers are placed in the hands of the constable. McGrath v. Railroad, 128 Mo. 2. A recovery can not be had in an action prematurely brought. Heard v. Ritchie, 112 Mo. 516. It is elementary law that a plaintiff must recover, if at all, on his right of action as it existed at the institution of the suit. Tobin v. McCann, 17 Mo. App. 483. (2) The suit was on an account filed, and recovery was had on a lease. The lease was not filed when the action was instituted, or at any time thereafter. The courts have always held that you can not state one cause of action, and recover upon another. This is elementary law. R. S. 1899, sec. 591 and 592; Beck v. Ferrara, 19 Mo. 30; Link v. Vaughn, 17 Mo. 585; Eyermann v. Cemetery Association, 61 Mo. 489; McManamee v. Railroad, 135 Mo. 440; Hite v. Railroad, 130 Mo. 132; McCormick v. Railroad, 154 Mo. 191; Cole v. Armour, 154 Mo. 333; Whipple v. B. & L. Association, 55 Mo. App. 554. The cause of action filed must be sufficiently definite to bar another action and advise the defendant of what he is required to defend against. City of St. Louis v. Babcock, 156 Mo. 154; Huston v. Tyler, 140 Mo. 252. The lodging with the justice of the paper which is the foundation of the action is a requisite to jurisdiction, and it must by some means be made affirmatively to appear by the record, if not by a docket entry, then by the paper itself being among the original papers in the cause. Barney Olin v. Frank Zeiger, 46 Mo. App. 193.

*Alexander Young* for respondent.

This was a suit commenced by respondent against the appellant, by attachment before Jas. J. Spaulding, a justice of the peace of the city of St. Louis, to recover the sum of three hundred and thirty dollars for rent of premises of storeroom known as No. 2424 North Sarah street, in the city of St. Louis. The account filed with the justice was for

rent from November 1, 1899, to September, 1900, inclusive, and the suit was instituted on the thirty-first day of October, 1899, and was based upon section 4123 of the Revised Statutes of 1899.

GOODE, J.—Plaintiff began this action on the thirty-first day of October, 1899, by attachment before James J. Spaulding, a justice of the peace in St. Louis, to recover rent from the defendant. There was first a change of venue to William J. Hanley, another justice, and afterwards from Hanley to a third one, Michael J. Cullinane.

The premises in question had been leased by plaintiff to defendant for a term of five years, commencing August 1, 1899, at a rental of thirty dollars per month in advance. This lease was in writing. The rent was paid up to the first day of November. The ground of attachment was that the defendant intended to remove his property from the leased premises. The affidavit was sworn to before Spaulding, the justice of the peace in whose office the action was begun, but he subscribed his jurat to the affidavit as notary public instead of justice of the peace. A point is made about this.

At the time the suit was begun, an account was filed, claiming rent for the premises, to-wit, No. 2424 North Sarah street, for the months from November, 1899, to September, 1900, inclusive, amounting to three hundred and thirty dollars. The affidavit was full enough, but the written lease, although exhibited to Spaulding before he issued the writ of attachment, was not left with him. Subsequently it was deposited or filed, as a witness testified, with William J. Hanley, transmitted by him with the original papers to Cullinane, used in evidence on the trial before that magistrate, and sent with his transcript and the files to the circuit court when an appeal was taken, but no docket entry of its filing appears to have been made by either justice. Plaintiff's attachment was sustained, both on the trial before the justice of the peace

and the one in the circuit court. Judgment was entered in his behalf in the latter court for one hundred and twenty dollars, being the rent up to the time he got a new tenant.

It is provided that the affidavit, in cases of this kind, may be made before a justice or clerk of a court of record having jurisdiction of ordinary actions by attachment. R. S. 1899, sec. 4123. Whether this clause is so far mandatory that an affidavit before a notary public, or other officer empowered to administer oaths, would be bad, is unnecessary to decide. Plaintiff made his affidavit before the justice in whose office he lodged his complaint. The fact that said justice chose to attach a jurat in his capacity as notary public, does not affect plaintiff's rights.

The lease was filed with William J. Hanley and became part of the papers in the case before the jury was sworn or the trial commenced, which cured the omission to file it in the first place. R. S. 1899, sec. 3853; Buzzard v. Hapeman, 61 Mo. App. 464. In the cases cited by appellant, holding no jurisdiction was acquired by the magistrate from plaintiff having failed to file the instrument sued on, said instrument was filed neither when the action was begun nor before the trial. Olin v. Zeigler, 46 Mo. App. 193; Phenix Ins. Co. v. Foster, 56 Mo. App. 197. The statute is clear on this point. Nor was it necessary there should be a docket entry showing the filing of the lease, if it was attached to and among the original papers. Olin v. Zeigler, supra; Baker v. Henry, 63 Mo. 517.

There is much insistence on the point that the action was prematurely brought because the rent was paid up to November and no more was due or had been demanded. But the section of the statutes under which the action was begun, provides, in so many words, that in certain contingencies, one of which is when a tenant is removing or intends to remove his property from the leased premises, an attachment for rent will lie "whether the same be due or not, or whether

the same be payable in money or other thing, if the rent be due within one year thereafter." All the rent sued for in this case was due, inside of a year after the action was instituted. A demand is only necessary when the rent is due and unpaid; because it would be obviously absurd to require a demand for rent not due, as a condition precedent to maintaining an action for it. The cause of action was stated with sufficient definiteness to apprise the defendant of what he was called on to defend.

The judgment is affirmed. All concur.