STANDARD SCALE & FOUNDRY COMPANY, Respondent, v. KANSAS CITY FURNACE COMPANY, Appellant.

**Kansas City Court of Appeals, June 5, 1905.**

**JUSTICES' COURTS: Contract: Account: Statement.** When a suit is upon a written instrument the statute requires that it be filed with a justice; but if it may be stated in an account, plaintiff may state an account and use the contract in evidence.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Wm. T. Jamison* for appellant.

(1) Under sections 3852 and 3853, R. S. 1899, plaintiff must file before justice of the peace: (a) Instrument sued on, or (b) Statement of the account, or (c) Statement of facts constituting the cause of action on which the suit is founded. The complaint must be sufficiently definite to advise the defendant of the nature of the claim, and to bar another action for the same matter. Brashears v. Strock et al., 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Sidway v. Live Stock Co., 163 Mo. 373; McCrary v. Good, 74 Mo. App. 425; Murphree's Juris. of Justices, sec. 377. (2) Must show whether action is on contract or for negligence. Leas v. Express Co., 45 Mo. App. 598; Redmon v. Railroad, 90 Mo. App. 68; Edwards v. Albrecht, 42 Mo. App. 497; Robbins v. Railroad, 34 Mo. App. 609; Sandeen v. Railroad, 79 Mo. 278; Mfg. Co. v. Car Co., 72 Mo. App. 344; Phillips v. Mastbrook, 24 Mo. App. 129; Trust Co. v. Investment Co., 82 Mo. App. 260; Brennon v. McMenany, 78 Mo. App. 122.

*Karnes, New & Krauthoff* and *John N. Davis* for respondent.

(1)   Respondent's action is upon an account and the statement filed is "sufficiently specific to inform the opposing party of the foundation and character of the demand asserted, and to bar a subsequent action predicated upon the same facts." Johnson v. Kahn, 97 Mo. App. 628, 630; Bradley v. Sweiger, 61 Mo. App. 419; Forse v. Squire, 133 Mo. 306, 309.   (2)   The decisions are also numerous on the point that a statement filed in the justice court will support a finding upon special contract or upon the *quantum meruit.* Lemon v. Loyd, 46 Mo. App. 452; Boyle v. Clark, 63 Mo. App. 473; Johnson v. Loomis, 50 Mo. App. 142; McDonald v. Stevenson, 104 Mo. App. 191; Walker v. Guthrie, 102 Mo. App. 420.

ELLISON, J.—This action was brought before a justice of the peace on an itemized account. The defendant filed before the justice an itemized counterclaim in the shape of a written answer, in which credits are set up by which, in at least one item, a contract between the parties is referred to. For these items defendant claims that he should have credit, though they sum up more than the balance claimed by plaintiff. No objection appears to the statement of plaintiff's cause of action being stated in the form of an account until at the close of his evidence, on appeal in the circuit court, when defendant moved to dismiss for the reason that it appeared by plaintiff's testimony that there was a written contract covering the items of the account. The court overruled the motion and defendant has made such action the principal ground of his appeal.

When a suit is upon a written instrument the statute (section 3852) requires that it shall be filed with the justice. But if the subject matter is such that it

may be stated in an account, the plaintiff need not sue on the contract and may state his case as an account, the contract being evidence in his behalf. [Kingsland v. St. Louis Malleable Iron Co., 29 Mo. App. 526.] If there is a verbal contract, the action may be stated in the form of an account sufficiently definite to apprize the opposite party of the matter in controversy and to bar another action. The action need not be brought specifically on the contract. [Barham v. Colp, 87 Mo. App. 152, 156.] The statute only requires a written instrument to be filed when the action is upon such instrument. If the cause of action is such that it may be maintained as on an account, it may be so brought. In this case the account is a full statement of the items which go to make it up and a judgment thereon would undoubtedly bar any other action involving such items.

We are of the opinion that the instructions for plaintiff given over defendant's objections were correct. There is no good ground of objection to the third one on the subject of defendant's counterclaim. Certainly, if the hypothesis therein submitted was believed, the finding on that subject should be as directed.

The judgment is affirmed. All concur.