UNITED BREEDERS COMPANY, a Corporation, Appellant, v. C. R. WRIGHT, Respondent.

Kansas City Court of Appeals, November 15, 1909.

1. CONTRACTS.   Failure to read a contract by a person under no disability, before its execution, is no defense to suit thereon.

2. PEREMPTORY INSTRUCTION: Evidence: Sufficiency: Demurrer.   In a suit upon a written contract where defendant admits signature to contract, that he got the goods contracted to be delivered and that he paid $60 on account thereunder, the only defense being failure to properly examine the contract before signature, the trial judge should direct a verdict for plaintiff for balance due under contract.

3. JURISDICTION: Justice of the Peace.   In a suit before a justice of the peace on account for goods sold and delivered the justice of peace does not fail to acquire jurisdiction because written contract is not filed with him.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

REVERSED AND REMANDED.

*J. B. Majors, L. W. Booher* and *Hine & Cross* for appellant.

(1)   The decision of the appellate court on a former appeal furnishes the law by which a subsequent

appeal is to be determined. McKinney v. Harral, 36 Mo. App. 377; Baker v. Railroad, 147 Mo. 140; Burkholder v. Henderson, 78 Mo. App. 287; Hamilton v. Marks, 63 Mo. 167. (2) Where a business man of ability and an opportunity to know what he was signing takes the word of an utter stranger as to the contents of the instrument without reading or having it read and signs the same he is careless and the court cannot be his guardian though the other party may be guilty of fraud. Breeders Co. v. Wright, 134 Mo. App. 717.

J. A. Sanders, S. Fee and P. C. Brent for respondent.

(1) In order to recover on an instrument of writing on a cause of action begun in a justice's court, the instrument of writing must be filed. R. S. 1899, sec. 3853; Insurance Co. v. Foster, 56 Mo. App. 197; Paint Co. v. Belcher, 127 Mo. App. 133. (2) The question as to whether or not the signature of respondent was obtained by fraud was a proper question for the jury to pass upon. Frederick v. Clemens, 60 Mo. 315. (3) The law in the case was properly declared to the jury. Cole Bros. v. Friedmair, 19 Mo. App. 12; Manufacturing & Improving Co. v. Carle, 116 Mo. App. 581.

JOHNSON, J.—This case was before us on a former appeal (134 Mo. App. 717) and was reversed and remanded. A second trial resulted in a verdict and judgment for defendant, and the cause is here again on the appeal of plaintiff. We refer to our former opinion for a statement of the facts and our views on the law of the case. When we remanded the cause for another trial, we thought perhaps facts not brought out by defendant might exist which, if adduced, would give a different cast to the case. But we find the evidence in the present record to be substantially the same as that before considered. In our opinion we spoke of defendant's admission that he had been careless in sign-

ing the contract. In the last trial, apparently thinking he had "put his foot in it" by that admission, defendant denied admitting he had been careless and said he had only confessed to being negligent. He then declared he had not been negligent "because I didn't have a chance to be negligent." Of course, no differentiating effect should be accorded such quibbling. The law will characterize his conduct regardless of his own opinion about it. He was inexcusably careless. Being a competent business man, laboring under no disability, he had no business signing a contract without reading it merely because the man who asked him to sign it was in a hurry to catch a train. We declare as a matter of law that his own fault was the sole cause of the predicament in which he finds himself and since he admits that the goods were received by him and it is conceded he has paid but sixty dollars on the account, there was no issue of fact to go to the jury, and the learned trial judge should have directed a verdict for the remainder due on the contract price of the goods. This being a suit on account for goods sold and delivered, there is no merit in the point that the justice of the peace acquired no jurisdiction of the action because of the failure of plaintiff to file the written contract.

The judgment is reversed and the cause remanded. All concur.