## C. O. MANSUR, Appellant, v. JAMES W. LINNEY, Respondent.

### Kansas City Court of Appeals, March 4, 1912.

**REAL ESTATE AGENTS: Justices of the Peace: Jurisdiction.** Plaintiff sued in a justice court to recover a real estate agent's commission. He filed a written statement of his cause of action alleging that his contract of employment was in writing, but he did not file the contract with the justice at any time. He obtained judgment and upon appeal the circuit court sustained a motion to dismiss the cause upon the ground that the court had no jurisdiction because the written contract was not filed. *Held*, that the filing of the contract was not essential to the jurisdiction of the justice over the subject-matter.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble*, Judge.

REVERSED AND REMANDED.

*Farris & Divelbliss* for appellant.

*Lavelock & Kirkpatrick* for respondent.

JOHNSON, J.—Plaintiff sued in a justice court to recover a real estate agent's commission alleged to be due him from defendant. He filed a written statement of his cause of action in which he alleged that his contract of employment was in writing, but he failed to file the contract with the justice at any time. Defendant was served with summons, appeared at the trial and demanded a jury. The trial resulted in a verdict and judgment for plaintiff and defendant appealed to the circuit court. Both parties appeared at the ensuing term, plaintiff waived notice of appeal and by agreement the cause was continued. At the next term, defendant filed a motion to dismiss the cause on the ground that neither the justice court, where the action originated, nor the circuit court where it was taken by appeal, had jurisdiction over the subject matter, for the reason that the written contract, which the statement declared was the foundation of the cause of action, was not filed in the justice court during the pendency of the action in that court.

This motion was sustained, the suit was dismissed, and plaintiff appealed.

There is no controversy over the fact that plaintiff, in his statement, pleaded a cause of action founded on a written contract and the question for our determination is whether or not the statutory command (section 3853, Rev. Stat. 1899, 7413 Rev. Stat. 1909) that "when the suit is founded upon any instrument of writing purporting to have been executed by the defendant and the debt or damages claimed may be ascertained by such instrument the same shall be filed with the justice," is jurisdictional or merely directory. If it is jurisdictional, the failure to file the contract before the jury was sworn *ipso facto* divested the justice of authority to proceed with the trial and the subsequent proceedings were void for want of jurisdiction over the cause, but on the other hand, if the statutory command is merely directory the non-compliance of

plaintiff would not affect the jurisdiction of the justice to proceed in the cause, nor of the circuit court to hear it anew on appeal, and the failure of defendant to complain of the omission in proper time, i. e., before trial in the justice court, would constitute a waiver of his right to complain.

The decision of this question calls for the construction of sections 3852 and 3853, Rev. Stat. 1899 (7412 and 7413, Rev. Stat. 1909).

In support of his contention that the requirement of the statute is directory, plaintiff cites the following cases. [Sublett v. Noland, 5 Mo. 516; Insurance Co. v. Beckman, 47 Mo. l. c. 98; Kleiboldt v. Grober, 6 Mo. App. 574; Trust Co. v. Investment Co., 82 Mo. App. 260; Keyes v. Freber, 102 Mo. App. 315; Foundry Co. v. Furnace Co., 113 Mo. App. 566; Widman v. Insurance Co., 115 Mo. App. 342.] In the Sublett case, decided in 1836, the Supreme Court said:

"Admitting that this instrument is such a one as is contemplated by the statute (Sec. 6, page 350, R. S. 1835) and ought to have been filed on the issuing of the summons, I understand the statute requiring the instrument to be filed, to be merely directory. The act was passed for the benefit of defendant to apprise him of the nature of the claim set up by the plaintiff; and this advantage and benefit, thus secured to the defendants may be waived by their own acts."

In Insurance Co. v. Beckman, supra, decided by the Supreme Court in 1870, it was said:

"The note embraces the contract upon which the action is founded, but the fact that the plaintiff failed to file it was not fatal to the suit. It was an irregularity which could have been corrected by filing the proper paper when the objection was raised, and does not vitiate the judgment if the trial is suffered to proceed without raising it."

In Kleiboldt v. Grober, the St. Louis Court of Appeals held:

"Failure to file the instrument which is the foundation of the action, or an affidavit of its loss, does not go to the jurisdiction in an action before a justice. The statute is merely directory, and the objection is waived if not made before the justice."

In Keyes v. Freber, decided in 1903, it was held by the St. Louis Court of Appeals:

"Our Code of Civil Procedure requires a plaintiff or defendant, when his claim or counterclaim is founded on a written instrument executed by the other party, to file the instrument with the pleading. The object of these statutes is to require the party relying upon the written instrument to establish his demand, to make profert of the written instrument contemporaneous with the filing of the demand. And while, when filed in a justice's court it serves as a complaint and is a profert of the instrument, it has never been held that the filing of it is essential to confer jurisdiction on the justice, but that the omission is cured by filing it after the suit has been commenced, or if the cause is appealed, by filing it in the circuit court, or by the defendant entering his general appearance. [Boatman v. Curry, 25 Mo. 433; Ins. Co. v. Beckman, 47 Mo. 1. c. 89; Schenck v. Stumpf, 6 Mo. App. 381; Kleiboldt v. Grober, 6 Mo. App. 574; Trust Co. v. Real Estate Co., 82 Mo. App. 260.]"

And in Widman v. Ins. Co., decided in 1905, the same court, speaking through Judge Goode, reiterated the same doctrine in the following language:

"But it never has been the doctrine of this court or of the Supreme Court, that failure to file an instrument which is the foundation of an action brought before a justice, so wholly deprives the justice of jurisdiction that any judgment rendered in a cause will be void. It is ground for a motion to dismiss, if such a motion is made; but the instrument may be filed before the jury is sworn or the trial begun. In order for the non-filing of the policy with the justice to be re-

versible error on the present appeal, wherein we can look only to the record proper, it must be absolutely fatal to jurisdiction, which we think is not the law."

Defendant admits the cases quoted hold "that it was optional with the plaintiff whether he filed the instrument sued on, or filed a statement of his account, or filed a statement of facts constituting his cause of action," but argues that these decisions construe the statute appearing in the Revision of 1899 as section 3852, which was the only statute dealing with the subject prior to 1879, and do not give effect to section 3853, Rev. Stat. 1899, which first appeared in the Revision of 1879. We quote from the argument of counsel as follows:

"The contention of counsel for apellant would be plausible if section 3852 were to be considered alone, but since the enactment of section 3853, which now forms an essential part of the complete system, these two sections must be read and considered together as component parts of such system and practice. Under the former section there is some authhority for saying plaintiff might file the instrument relied on, he might file an account, or he might file a statement of the facts constituting his cause of action, but not so after the adoption of the latter section specifically designating *when* he may file each of these; so decisions construing the first section as it stood alone, are not controlling since the passage of the latter section particularizing the order and manner of doing the things mentioned in the former section.

"Some of the decisions cited by appellant refer to the first section only, and have to do with facts occurring before the latter was enacted, while other cases cited and relied on, though rendered after the act of 1879 went into effect, only refer to the former, entirely overlooking the latter section and the decisions construing it."

The two decisions of the Supreme Court being rendered before 1879, of course, are based on the statute law as it stood prior to the revision of that year, but we find no reason for saying the St. Louis Court of Appeals overlooked the effect that should be given the provisions of section 3853, in the decisions rendered since 1879, and we find that court has constantly adhered to the view that the statutory requirement under consideration is merely directory. And further, we think the Supreme Court decisions, though rendered before 1879, announced the rule that still should be drawn from the statutes notwithstanding the revision of 1879. Defendant is in error in the conclusions that the legislative intent expressed in that revision was to make the filing of the written instrument sued on a jurisdictional prerequiste to the prosecution of the action to a trial in the justice's court. The language of the statutes as they now stand was no more peremptory with respect to the filing of the instrument than that considered by the Supreme Court in the two cases cited. Section 3852 (Rev. Stat. 1899), itself, first appeared in the revision of 1879 as section 2851. Its component parts were three separate sections that had been on the statute books since 1835, viz., sections 9, 12, and 13, General Statutes 1865, pp. 700 and 701. Section 9 provided: "Whenever any suit shall be founded on any instrument of writing purporting to have been executed by the defendant such instrument *shall* be filed with the justice before any process shall be issued in the suit." Certainly this language is as mandatory as any found in the present statutes, and yet the Supreme Court held that it was merely directory, since it was passed for the benefit of the defendant and he might waive that benefit if he so desired. We hold that the filing of the contract was not essential to the jurisdiction of the justice over the subject matter and that the learned trial judge erred in sustaining the motion to dismiss. To the

extent that the decision of this court in Insurance Co. v. Foster; 56 Mo. App. 197, may be in conflict with the views expressed, it will be overruled.

The judgment is reversed and the cause remanded.

*Broaddus, P. J.* and *Ellison, J.,* concur in separate opinions.

## CONCURRING OPINION.

BROADDUS, P. J.—I concur in the opinion in so far as it holds that the statement of the plaintiff filed in the justice's court was sufficient. As to what is necssary for a statement to contain in order to give a justice's court jurisdiction I express no opinion, as that matter is not involved in the case.

## SEPARATE CONCURRING OPINION.

ELLISON, J.—I join Judge Broaddus in concurring in the opinion written by Judge Johnson holding the statement filed with the justice by the plaintiff was sufficient to confer jurisdiction; and I also concur in his view that the remainder of the discussion therein is not involved in the case. But as I regard the effect of the views expressed by Judge Johnson not in keeping with the understanding of proceedings before justices of the peace heretofore entertained, I will add the following:

I can see no objection whatever to Insurance Co. v. Foster 56 Mo. App. 197. That case purported to be founded on a promissory note, and the case cited therein (Olin v. Zeigler, 46 Mo. App. 193) on a duebill. A note or duebill, in the language of the statute, "ascertains" the debt claimed and when the suit is brought on either of those instruments, the statute says it must be filed, "and no other pleading shall be

required." It seems to me to be altogether unreasonable to hold that the statute is merely directory and that though nothing be filed with the justice before the jury is sworn or the trial commenced, proper proceeding may be had and a valid judgment rendered. It seems to me that the opinion of Judge Johnson does not distinguish between a case where the suit is stated in and founded upon a written statement of a cause of action on a written contract (as in the present case), and a suit on a note. In the former, where the contract does not ascertain the debt claimed, a written statement must be filed. In the latter, there being no written statement, the note itself is the pleading, and if it is not filed before trial there is nothing to invoke the jurisdiction of the justice; and that was the condition in the two cases of Insurance Co. v. Foster, and Olin v. Zeigler.

Plaintiff brought this action by filing a written statement, wherein he set forth his employment to sell certain described lands for defendant at the price of $115 per acre. That, relying on a written contract with defendant, he undertook to sell the land and succeeded in finding a purchaser who agreed to pay defendant's price and who made an advance payment required, but that afterwards defendant refused to permit the sale to be made. Plaintiff then alleged that he had performed the service agreed and was entitled to a commission of $110, for which he asked judgment.

It appears there was a written contract between the parties, whereby defendant listed his land with plaintiff as his agent, to sell at $110 per acre and for which he was to pay plaintiff a commission of one dollar per acre.

Plaintiff did not file the written contract with his written statement, and though both parties appeared at the trial, no objection was made on that account. The ground stated as showing no jurisdiction in the

justice and for which the circuit court dismissed the case, was that this written contract was not filed. I think jurisdiction was obtained by filing the written statement of the cause of action and that the filing of such a written contract as this was may be waived.

The two sections of the statute, the construction of which is involved, read as follows:—

Sec. 3852. "No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded, and the defendant shall, before trial is commenced, file the instrument, account or statement of his set-off or counterclaim relied upon."

Sec. 3853. "When the suit is founded upon any instrument of writing purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same shall be filed with the justice, and no other statement or pleading shall be required. If the suit is founded on an account, a bill of items of the account shall be filed; in all other cases, a statement of the facts constituting the cause of action, and the amount or sum demanded, shall be filed with the justice; but no suit shall be dismissed or discontinued for want of any such statement of cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the jury is sworn or the trial commenced, or when required by the justice."

This suit, manifestly, is not founded upon such an instrument of writing, mentioned in the latter section, whereby a debt or damages can be ascertained by the instrument. The written contract in this case does not ascertain any debt. It is not like a bond or note; it is merely an employment of service which may

never be performed, or which may be performed in various ways. The statute contemplates such character of written instrument as need not require any pleading or explanatory statement in order to make a cause of action, for it says that "no other statement or pleading shall be required." What would have been said of this case if there had been filed with the justice nothing but the contract? Would that have been any indication that plaintiff had sold the land, or that, as here, while not selling it, but had done all that was necessary to give him a cause of action for his commission, or that a cause of action had by any means accrued? It seems clear, therefore, that the latter section (except the clause repeating the first section as to a written statement) does not apply to a case like the one under consideration, and I will therefore see what application the first section may have.

If we concede that under the rulings in Gillihan v. Wren, 44 Mo. 377, and Rohrbough v. Reed, 57 Mo. 292, the written contract in this case is such an instrument as could have been treated as "the instrument sued on", within the meaning of the former section of the statute, yet there is nothing in that section which makes it compulsory to sue on an instrument which could be made the foundation of the action, if the cause of action may exist without the instrument. And so we have held in two instances: Scale & Foundry Co. v. Furnace Co., 113 Mo. App. 566; United Breeders Co. v. Wright, 139 Mo. App. 195. Thus, a note could be filed as the instrument sued on, and it need not be, if it is not made the basis of the action, since it is clear that one may abandon a note and sue on the account for which it was given. [Steamboat v. Hammond, 9 Mo. 59; Appleton v. Kennon, 19 Mo. 637; Leabo v. Goode, 67 Mo. 126; Groomer v. McMillan, 143 Mo. App. 612, 616.] Or he may abandon a written contract and sue on a *quantum meruit*. [Eyerman v.

Mt. Sinai Cem. Assn., 61 Mo. 489; Yeats v. Ballentine, 56 Mo. 530. Or when he is prevented by the fault of the other party from performing the contract, he may elect to sue for damages.

In this case, it appears from the written statement filed with the justice that plaintiff was prevented from making the sale by defendant's wrongful refusal to consumate it. It further appears that the proposed purchaser found by plaintiff was not to pay a certain money price per acre as indicated by the written contract, but there was some trade of other property to be taken as part of the consideration, and one thousand dollars was to be paid down.

We have in mind that the owner of property sometimes varies the terms of the sale from those given to the agent, and that matters may be waived between the parties. We refer to these things to show that plaintiff was not compelled to sue on the writing, and that he had a right to do as he has done, viz., bring an action by filing a statement, setting forth the facts; the contract being proper evidence in the trial of the cause.

Therefore no sufficient reason existed for dismissing plaintiff's case. His action was fully and properly set out in a written statement, filed with the justice before any process was issued, and was sufficient foundation for jurisdiction.

Insurance Company v. Foster and Olin v. Zeigler were correctly decided, and they have no application to the present case. As already stated, one of those cases purported to be upon a promissory note and the other a duebill. Instruments of that kind are for the direct payment of money; they ascertain the debt or damages claimed and the action purports to be founded on them, and in both those cases were the instruments sued on; and yet, in neither case was the instrument *ever filed;* nor was anything else filed. Hence it was held that the justice's court had no jurisdiction.

That was a proper holding under the statute. It would have been a proper holding even without the direction of the statute; for, though a court may have jurisdiction over a certain class of cases, that does not determine whether it has jurisdiction over a particular case belonging to that class, and in order to determine that, there must be some paper filed which states the case. "Jurisdiction and power of court remain at rest until called into action by some suitor; it cannot by its own act institute a suit *sua sponte.* The action of the court must be called into exercise by pleading and process, procured or obtained by some suitor by filing a declaration, complaint, petition, or in some form requesting the exercise of the power of the court." [Brown on Jurisdiction, sec. 28; 1 Black on Judgments, sec. 241.] A case must be presented which brings the power of the court into action. [Works on Jurisdiction, sec. 8; 1 Bailey on Jurisdiction, sec. 12.] "A judgment rendered where no case has been stated is as much a judgment upon a case *coram non judice,* whatever may be the jurisdiction of the court rendering it, as a judgment upon a case, however perfectly stated, before a court not clothed with jurisdiction to hear and determine it." [Speers v. Coen, 44 Oh. St. 497, 503.] There must be some case stated before there is "a right to hear and determine", this now being a universally recognized definition of jurisdiction. [Charles v. White, 214 Mo. 187, 206-208.]

From these statements of fundamental law, it follows, as of course, that a court has jurisdiction to act only on the matters about which its jurisdiction has been sought, and upon which an issue is tendered; and therefore, our Supreme Court has said, quoting from Cooper v. Reynolds, 10 Wall. 316, that to have jurisdiction, "the point decided must be, in substance and effect, within the issue." The court then adds, that "what the controversy or issue, in any case is, can

only be determined from the pleadings." [Hope v. Blair, 105 Mo. 85.] And so it is said that if a court pronounces a judgment outside the issues made, it is void. [Brown on Jurisdiction, sec. 3.] There is no jurisdiction beyond the limits of the essential controversy concerning the rights involved. [Wells on Jurisdiction, sec. 2.] "Neither can it (the court) go beyond the issues and pass upon a matter which the parties neither submitted nor intended to submit for its determination." [Charles v. White, 214 Mo. 1. c. 206-208; 1 Black on Judgments, sec. 215.]

Now if nothing is filed with the court by a suitor, there can be no issue within which to confine the action of the court; the jurisdiction of the court has not been invoked and any judgment rendered would be void, and the proceedings had, an absurdity.

The statute does not interfere with or modify this rule of law. It is just as necessary under the statute that the jurisdiction of a justice of the peace be invoked and that issues be made for determination, as it would have been if the statute had not been enacted. The statute has simply abolished technical formality. The suitor, in order to confer jurisdiction, must file *something* as the basis of his action,—he must file "the instrument sued on," or "a statement of the account," or "a statement of the facts constituting the cause of action upon which the suit is founded;" else there is no jurisdiction. It has been so determined in a great number of cases in the Supreme Court and the Courts of Appeals. [Odle v. Clark, 2 Mo. 12; Peddicord v. Ry. Co., 86 Mo. 160, 162; Sidway v. Missouri Land & Live Stock Co., 163 Mo. 342, 373; St. Louis v. Babcock, 156 Mo. 148, 153.] Odle v. Clark and Peddicord v. Ry. Co. were cases where *nothing* was filed with the justice, and in the former it was held no statement could be filed in the circuit court on appeal as the defect was incurable; and that a "statement was necessary to give the justice jurisdiction and without it the circuit court

had no cause before it." In these respects those cases were exactly like Ins. Co. v. Foster and Olin v. Zeigler, supra.

In Nenno v. Ry. Co., 105 Mo. App. 540, 551 the St. Louis Court of Appeals decided that a judgment by a justice of the peace where nothing had been filed before him "was an absolute nullity."

Furthermore, even when something is filed, it must be sufficiently intelligible or definite to be a bar to another suit (Telephone Co. v. Hope, 139 Mo. App. 282 ), and· if not (unless qualified by the power of amendment to which we shall immediately refer), it will be regarded as nothing and fail to invoke jurisdiction. [Casey v. Clark, 2 Mo. 11; Brashears v. Strock, 46 Mo. 221; Norton v. Ry. Co., 48 Mo. 387; Davis v. Ry. Co. 65 Mo. 441; Swartz v. Nicholson, 65 Mo. 508; Sidway v. Missouri L. & ·L. Stock Co., 163 Mo. 342, 373; St. Louis v. Babcock, 156 Mo. 148, 153.] In the latter case the court said that "the ruling of the trial court in discharging defendant" was justified on the ground that the statement filed with the magistrate was not sufficiently specific to advise him of the nature of the claim, or bar another action.

Since several of the decisions which we have cited were rendered, the statute has been changed so as to allow any amendment to the cause of action which was included or "*intended* to be included in the original statement." [Sec. 4079, R. S. 1899; Sec. 7587, R. S. 1909.] This has broadened the power of amendment so that statements of causes of action which omit some proper allegation, even though it is jurisdictional, may be amended, on appeal, in the circuit court. [Dowdy v. Wamble, 110 Mo. 280, approving Judge Thompson's dissenting opinion in same case, 41 Mo. App. 577.] But it has not done away with the necessity of stating a cause of action sufficiently to invoke the jurisdiction of the justice. In the case

just cited the Supreme Court said, at page 285 of the report, that the power of amendment was dependent upon enough facts being "alleged to disclose that the case falls within a class of proceedings which the court is lawfully authorized to hear and decide, the question of the sufficiency of the showing made for the purpose of setting the court in motion, is one of law for the determination of the court to which the showing is addressed, whatsoever its rank." Judge Thompson said, at page 583 of the appeal report, "that since the enactment of the statute, there are but two limitations upon the power of amendment possessed by the circuit court in civil cases appealed from justices of the peace.  One is, where *no statement* was filed before the justice, or where the statement which was filed is so radically defective as to mean nothing, so that it is equivalent to no statement.  In either of these cases there could be no amendment in the circuit court, because there is nothing to amend.  Any amendment would be tantamount to commencing the action in the first instance in the circuit court, because it would be tantamount to filing a statement there for the first time, none having existed before.  In such a case it could not be told what, if any, cause of action was prosecuted before the justice, and it could not be told whether the statement filed in the circuit court was or was not the same cause of action which was prosecuted before the justice.  The other limitation on the power of amendment is where a statement has been filed before the justice which shows that a certain cause of action was litigated there, and where it is sought to amend the statement in the circuit court so as to allow a different cause of action to be litigated there."

These quotations show a direct and authoritative recognition of the general principle of law, that (with or without the statute) there must be something filed by the suitor to invoke the jurisdiction of the court and which states an issue to which the court's action

may be confined; and if this is not done, there is neither jurisdiction nor right of amendment. They reach back and affirm the early case of Odle v. Clark, as well as Peddicord v. Ry. Co., and also Insurance Co. v. Foster and Olin v. Zeigler. Furthermore, they affirm Brashears v. Strock, in holding that though there *is* something filed, it must be intelligible and state an issue to which the court's action may be confined.

And the face of the statute itself shows that, to be amendable in the circuit court, the statement before the justice of the peace must be such as to show a certain cause of action. For the statute (Sec. 4079) only permits an amendment which was "intended to be included in the original statement;" and Sec. 4077 especially provides that, "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal." Now unless there is something filed before the justice in the way of a cause of action, which discloses the particular action intended to be stated, how can the circuit court know what was intended and what amendment can properly be allowed; and how is such court to know the proposed amendment will not change the cause of action which was tried before the justice? So, we decided, long ago, that, in order to permit an amendment, there must be a paper filed with the justice which contains intelligible statement sufficient to show the cause of action intended. [Gregory v. Ry. Co., 20 Mo. App. 448; Sturges v. Botts, 24 Mo. App. 282; Evans v. Ry. Co., 67 Mo. App. 255; Slaughter v. Davenport, 82 Mo. App. 652, affirmed in 151 Mo. 26.]

But, in aid of the argument that nothing need be filed before the justice in order that he may exercise jurisdiction, it is said that the statute is merely directory; and Sublett v. Noland, 5 Mo. 516; Boatman v. Curry, 25 Mo. 433; Ins. Co. v. Beckman, 47 Mo. 93; Trust Co. v. Investment Co., 82 Mo. App. 260; Keyes

v. Freder, 102 Mo. App. 315; Foundry Co. v. Investment Co., 113 Mo. App. 566; Widman v. Ins. Co., 115 Mo. App. 342, are cited in support of that statement. Neither of these cases is at all in point. Neither of them involved a question of jurisdiction; for, in each of them, a statement of a cause of action invoking the jurisdiction of the justice was filed and the only question was whether a contract should also have been filed, and it was held that if the defendant did not so demand, it could not be taken advantage of in a way fatal to the case. In neither of them is the idea countenanced that *nothing* need be filed with the justice, or that an unintelligible paper, not stating a cause of action or showing a certain action was intended to be stated, would confer jurisdiction. This is emphasized by noticing the members of the court who wrote the opinions. Judge TOMPKINS, who wrote Odle v. Clark and concurred in Casey v. Clark, also concurred in Sublett v. Noland; and Judge BLISS, who wrote Ins. Co. v. Beckman, also wrote the leading case of Brashears v. Strock; and Judge GOODE, who wrote Widman v. Ins. Co., has recognized in a number of cases the necessity of filing a cause of action before the justice. [See McDermott v. Dwyer, 91 Mo. App. 185; especially, Magoon v. O'Connor, 134 Mo. App. 130.]

I therefore conclude, notwithstanding the statute of amendment, that in order that there may be jurisdiction, there must be something filed with the justice and it must be sufficiently specific and intelligible to show a cause of action, or else to show a particular cause of action was intended to be stated, and that no sound reason exists for questioning Insurance Co. v. Foster, or Olin v. Zeigler.